## NATCHER v. NATCHER.

[No. 19,136. Filed October 31, 1899.]

APPEAL.—*Interlocutory Order.*—*Bond.*—No appeal can be taken from an interlocutory order unless there is a statute expressly providing therefor, and such statute must be strictly construed. *p. 369.*

SAME.—*Interlocutory Order.*—*Bond.*—Under §§646-648 Horner 1897, no appeal can be taken from an appealable interlocutory order made in term time, unless the bond is filed and approved and the appeal is taken at the term at which the order was made. *pp. 369, 370.*

From the Boone Circuit Court. *Appeal dismissed.*

*S. M. Ralston, C. G. Guenther* and *A. B. Clark*, for appellant.

*Thomas Hanna, R. W. Harrison* and *Noah Loughrun*, for appellee.

MONKS, J.—This is an appeal by appellant from an interlocutory order against him for the payment of money, made at a regular term of the court below. The order for the payment of the money was made on July 1, 1899, and appellant at the time the order was made prayed an appeal, and the court fixed the amount of the appeal bond, and a surety was named by appellant and accepted by the court, and ten days given in which to file the bond. After said order was made, and appeal prayed, and on the same day, the court below adjourned for the term. On July 8, 1899, in vacation, appellant filed his bond in the amount fixed and with the surety accepted by the court, and on September 2, 1899, filed the transcript in this court.

Appellee has filed a motion to dismiss the appeal on the ground that the same was not taken at the term at which said order was made. The rule is that no appeal can be taken from an interlocutory order, unless there is a statute expressly providing therefor, and such statute must be strictly construed. *Western Union Tel. Co.* v. *Lock, Adm.*, 107 Ind. 9, and cases cited; *Wood* v. *Brewer*, 9 Ind. 86; Elliott's App. Proc., §§100-109; 2 Ency. Pl. & Pr. 81, and cases cited in note 2. In *Western Union Tel. Co.* v. *Lock, Adm., supra,* (p. 15), Elliott, J., speaking for the court said: "It is, therefore, important that the right of appeal from all interlocutory orders should be carefully guarded, and the statutes conferring it strictly construed."

This appeal is not governed, therefore, by §§644, 652 Burns 1894, §§632, 640 R. S. 1881 and Horner 1897, which provide for appeals from final judgments, but by §§658, 659, 660 Burns 1894, §§646, 647, 648 R. S. 1881 and Horner 1897, which provide for appeals from certain interlocutory orders mentioned therein. §658 (646) *supra*, provides that appeals may be taken from certain interlocutory orders, among which are "orders for the payment of money." §659 (647) *supra*, provides that, "Such appeal may be

taken at the term of the court at which the order is made; or, when made in vacation, the appeal may be taken at the time or during the next term. The appeal shall not be granted until the appellant has filed an appeal bond, as in other cases of appeal." §660 (648) *supra,* provides that, "Such appeal shall not stay proceedings upon the order more than thirty days, unless the Supreme Court in term, or some judge thereof in term or vacation, shall otherwise order." §659 (647) *supra,* expressly prohibits the court from granting an appeal from an appealable interlocutory order until the appellant has filed his appeal bond, and limits the right to appeal from such order, if made in term time, to the term at which it is made. It is evident therefore that no appeal can be taken from an appealable interlocutory order, made in term time, unless the bond is filed and approved, and the appeal is taken at the term at which the order was made. Elliott's App. Proc. §109.

*Miller* v. *Burket,* 132 Ind. 469, cited by appellant is not in conflict with the conclusion reached in this case. In that case the appeal was taken from an interlocutory order made in vacation, the amount of the bond being fixed by the judge, and twenty days' time given in which to file the appeal bond. An appeal may be taken from an appealable interlocutory order made in vacation, at the time it is made or during the next term. §659 (647) *supra.* The appeal bond in that case was filed within the time given, which was before the expiration of the time fixed by the statute within which an appeal could be taken from an interlocutory order made in vacation.

In this case the appeal bond was filed after the close of the term at which the order was made, and therefore after the time within which an appeal could be taken. It is evident that no appeal can be taken from any appealable interlocutory order, if it is made in term time, unless the appeal bond is filed before the close of the term at which the order is made, and if it is made in vacation, unless the appeal bond

is filed before the close of the next term after the order is made. Judge Elliott, in his admirable work on App. Proc., §109, says: "A bond must be filed and the appeal must be taken at the term at which the order is made, if made in term time, but if not made in term time, then at the time it is made or during the next term."

Appellee's motion to dismiss the appeal is, therefore, sustained. Appeal dismissed.