# BARNEY ET AL. *v.* ELKHART COUNTY TRUST COMPANY, RECEIVER.

[No. 20,921. Filed December 18, 1906.]

1. APPEAL AND ERROR.—*Interlocutory Orders.—Time for Appeal. —Statutes.—Construction.*—No appeal lies from an interlocutory order, except by special statute; and such statute will be strictly construed. p. 506.

2. SAME.—*Interlocutory Orders.—Statutes Governing Appeals from.*—Appeals taken from interlocutory orders are governed by §658 Burns 1905, Acts 1905, p. 490, and §§659, 660 Burns 1901, §§647, 648 R. S. 1881, and not by the statutes providing for appeals from final judgments. p. 507.

3. SAME.—*Time Within Which Appeal May be Taken.—How Computed.*—Where a statute specifies the time within which an "appeal may be taken," all acts necessary to give the appellate court jurisdiction must be done within such time. p. 507.

4. SAME.—*Receivers.—Appointment.—Time for Appeal.—Statutes.*—Under §1245 Burns 1901, §1231 R. S. 1881, providing that appeals may be taken from orders appointing or refusing to appoint receivers, within ten days thereafter, such appeals must be perfected within such ten days. p. 507.

5. APPEAL AND ERROR.—*Perfecting Appeal.—What Constitutes.*— Filing an appeal bond and obtaining an order from the trial court granting an appeal from an appealable interloctutory order does not constitute the taking of an appeal. p. 508.

6. SAME.—*Perfecting.—Interlocutory Orders.*—An appeal from an interlocutory order granting an injunction in term time must be perfected within such term by the filing of a bond, and the filing of the transcript on appeal, so as to give the Supreme Court jurisdiction over the interested parties; but if made in vacation such steps must be taken during such vacation or the succeeding term of the trial court. p. 508.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by the Elkhart County Trust Company, as receiver of the American Mutual Life Insurance Company of Elkhart, Indiana, against William M. Barney and others. From a decree granting a temporary injunction, defendants appeal. *Appeal dismissed.*

*Van Fleet & Van Fleet,* for appellants.
*Lou W. Vail* and *James S. Dodge, Jr.,* for appellee.

MONKS, J.—This is an appeal from an interlocutory order made in term, granting an injunction against appellants.

Appellee has filed a motion to dismiss the appeal on the ground that the same was not perfected at the term of court at which the order appealed from was made. This motion must be sustained.

The rule is that no appeal can be taken from an interlocutory order unless there is a statute expressly providing therefor, and that such statute must be strictly construed. *Natcher* v. *Natcher* (1899), 153 Ind. 368, 369, and authorities cited. Appeals in such cases "must be taken as the statute especially applicable to such cases provides." Elliott, App. Proc., §§100-109.

This appeal therefore is not governed by §§644, 645, 650, 652-654 Burns 1901, §§632, 633, 638, 640-642 R. S.

1881 and Horner 1901, and other sections providing for and regulating appeals from final judgments, but by §658 Burns 1905, Acts 1905, p. 490, and §§659, 660 Burns 1901, §§647, 648 R. S. 1881 and Horner 1901, which provide for and regulate appeals from certain interlocutory orders. Section 658, *supra,* provides that appeals may be taken from certain interlocutory orders, among which are orders "granting * * * an injunction in term, and granting an injunction in vacation." Section 659, *supra,* provides that "such appeals may be taken at the term of the court at which the order is made; or, when made in vacation, the appeal may be taken at the time or during the next term. The appeal shall not be granted until the appellant has filed an appeal bond, as in other cases of appeal." Section 660, *supra,* provides that "such appeal shall not stay proceedings upon the order more than thirty days, unless the Supreme Court in term, or some judge thereof in term or vacation, shall otherwise order."

It has been uniformly held by this court that when a statute provides that an "appeal may be taken" within a time fixed thereby, the appeal must be perfected within that time; that is, "an appeal is taken" only when all the acts necessary to give the appellate court jurisdiction of the appeal have been performed, all of which must be done within the time fixed by the statute for taking the appeal. Elliott, App. Proc., §§100, 107, 109, 128; *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 288; *Joyce* v. *Dickey* (1885), 104 Ind. 183; *Vance* v. *Schayer* (1881), 76 Ind. 194; *Hursh* v. *Hursh* (1885), 99 Ind. 500.

Section 1245 Burns 1901, §1231 R. S. 1881 and Horner 1901, makes provision in the following language for appeals from interlocutory orders appointing receivers: "In all cases hereafter commenced or now pending in any of the courts of this State, in which a receiver

may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the Supreme Court, * * * upon the appellant['s] filing an appeal bond with sufficient security," etc. In *Vance v. Schayer, supra,* this court held that unless the appeal under said statute was perfected by filing a transcript in this court within ten days after the order appointing or refusing to appoint the receiver was made, the appeal would be dismissed on the ground that the "appeal was not taken" within ten days from the time such order was made.

5. It is evident that filing an appeal bond and obtaining an order of the trial court granting an appeal from the appealable interlocutory order is not "taking an appeal" within the meaning of §659, *supra.*

6. Such "appeal is taken" under said section only when the same is perfected by filing the appeal bond required and taking all the steps necessary to give this court jurisdiction of such appeal, which must be done, if the interlocutory order appealed from was made in term, during the term at which the same was made, but, if made in vacation, at that time or during the next term of said court. Elliott, App. Proc., §§107, 109; *Terre Haute, etc., R. Co. v. Indianapolis, etc., Traction Co.* (1906), *ante,* 193. It appears from the record that the interlocutory order appealed from was made in term time, that the appeal bond was filed and approved and the appeal granted by the court below at the same term of court, but the appeal was not perfected by filing the transcript and assignment of errors in this court until more than thirty days after the expiration of the term at which the order appealed from was made.

Appeal dismissed.