## SHEDD ET AL. v. AMERICAN MAIZE PRODUCTS COMPANY.

[No. 21,576. Filed December 29, 1910.]

1. APPEAL.—*Temporary Injunction.*—No appeal lies from an interlocutory order granting a temporary injunction, unless expressly authorized by statute. p. 87.

2. APPEAL.—*Interlocutory Orders.—Injunction.—Statutes.*—Appeals from interlocutory orders granting a temporary injunction are governed by §§688, 689 Burns 1908, §§647, 648 R. S. 1881, and §1392 Burns 1908, subdivisions 15, 17, Acts 1907 p. 237, §1. p. 87.

3. APPEAL.—*Perfection of.—Interlocutory Orders.*—An appeal from an interlocutory order granting a temporary injunction can be taken and perfected only by the filing of an appeal bond, and by the filing of a transcript and an assignment of errors on appeal before the end of the term in which the order is made. p. 87.

From Lake Superior Court; *V. S. Reiter*, Judge.

Suit by the American Maize Products Company against Edward A. Shedd and others. From an interlocutory order for the plaintiff, defendants appeal. *Appeal dismissed.*

*Harry S. Mecartney* and *Fred Barnett*, for appellants.

*Crumpacker & Crumpacker* and *C. B. Tinkham*, for appellee.

MONKS, J.—This is an appeal from an interlocutory order made in term granting a temporary injunction against appellants.

In this State no appeal can be taken from an interlocutory order granting a temporary injunction, unless there is a statute expressly providing therefor, and the rule is

1. that such statute must be strictly construed. *Natcher v. Natcher* (1899), 153 Ind. 368, 369, and authorities cited.

Appeals in such cases must be taken as the statute especially applicable thereto provides. Elliott, App. Proc.

2. §§100–109. This appeal therefore is not governed by §§671, 672, 679, 681–683 Burns 1908, §§632, 633, 638, 640–642 R. S. 1881, and other sections providing for appeals from final judgments, but by §§688, 689 Burns 1908, §§647, 648 R. S. 1881, and the fifteenth and seventeenth subdivisions of §1392 Burns 1908, Acts 1907 p. 237, §1, which provide for appeals from certain interlocutory orders.

It was held by this court in the case of *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505, that an appeal from an interlocutory order granting a temporary injunction

3. must be perfected before the expiration of the term of court at which it was granted, by filing an appeal bond and by filing the transcript on appeal, so as to give this court jurisdiction of the appeal.

It appears from the record that the interlocutory order appealed from in this case was made in term time, and the appeal bond was filed and approved and the appeal granted by the court below at the same term of court, but the appeal was not perfected by filing the transcript and assignment of

errors in this court until more than twenty days after the expiration of the term at which the interlocutory order appealed from was granted.

The appeal is therefore dismissed.