## STANLEY v. STANLEY.

### [No. 23,861.   Filed May 11, 1921.]

1. APPEAL.—*Interlocutory Order.—Time for Perfecting Appeal. —Statutes.*—Where the trial court granted an interlocutory order pending the final disposal of a divorce action in August, during the summer vacation and a term appeal was prayed and granted and an appeal bond filed within the time allowed by the court, a transcript and assignment of errors filed within sixty days after the filing of the bond, as required by §679 Burns 1914, §638 R. S. 1881, but not until after the September term had ended and the November term had commenced, it was not filed "during the next term" after the making the order appealed from, as required by §688 Burns 1914, §647 R. S. 1881, relating to appeals from such orders, and, was therefore too late.   p. 530.

2. EVIDENCE.— *Judicial Notice.— Terms of Court.— Statutes.*— The court on appeal will take judicial notice of the ending of one term of a superior court and the commencement of the next, under §1522 Burns 1914, Acts 1907 p. 170.   p. 530.

3. DIVORCE.—*Petition for Allowance for Support.—Counter Affidavit.—Demurrer.*—Demurring to a counter affidavit filed in

opposition to a petition for temporary alimony, when the court was in vacation, was not authorized by the Code of Civil Procedure, even though the affidavit denominated "a plea in abatement to the petition," and error assigned on the ruling on such a demurrer presents no question for review on appeal.   p. 530.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by Rose Stanley against Granville Stanley for divorce.   From an order granting plaintiff an allowance for support pending suit and for fees for her attorney, the defendant appeals.   (Transferred from the Appellate Court under §1392, cl. 15, Burns' Supp. 1918, Acts 1915 p. 149.)   *Appeal dismissed.*

*Willis E. Roe* and *Henry W. Peterson,* for appellant.
*P. A. Parks,* for appellee.

EWBANK, J.—In August, 1918, during the summer vacation, preceding the September term of court, the appellee filed in the Superior Court of Lake county, Indiana, her complaint asking a divorce from the appellant on account of certain alleged acts of cruelty.   Ten days later she filed her verified application for an allowance for her support pending suit, and appellant filed a counter affidavit, which he denominated a "plea in abatement to the petition for temporary alimony."   A demurrer to this "plea in abatement" was filed by the appellee, and on August 29, still in vacation, the court entered an order which, omitting certain details as to the time of making payments, was as follows:   "Come now the parties hereto and the demurrer to the plea in abatement is by the court sustained, to which ruling of the court the defendant duly excepts, and the defendant, refusing to plead further, abides his pleading and the ruling on the demurrer.   And the court now hears evidence on the application for temporary alimony, and being now duly advised in the premises, finds for the petitioner, granting her the sum of $6.00 per

week   *   *   *   and the defendant is further ordered to pay for the benefit.of plaintiffs' attorney the sum of $50   *   *   *   to all of which the defendant excepts."

No judgment assuming to make final disposition of the case was entered. A term appeal was prayed and granted, and an appeal bond was filed within the time allowed by the court. The transcript and assignment of errors were filed with the clerk of the Supreme Court on November 23, 1918. This was less than sixty days after the appeal bond was filed (§679 Burns 1914, §638 R. S. 1881), but was not "during the next term" after the making of the order appealed from, in vacation, as the statute relating to appeals from interlocutory orders (§688 Burns 1914, §647 R. S. 1881) then required. *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505, 507, 79 N. E. 492; *Shedd* v. *American Maize, etc., Co.* (1910), 175 Ind. 86, 87, 93 N. E. 447; Ewbank's Manual (2d ed.) §92. See also, Acts 1921 p. 741, §2.

We have judicial knowledge that the September term of the Lake Superior Court had ended and the November term had commenced (§1522 Burns 1914, Acts 1907 p. 170) before that date. *H. W. Johns-Manville Co.* v. *South, etc., Co.* (1919), 70 Ind. App. 484, 123 N. E. 648; *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. App. 577, 580, 117 N. E. 675; *Taylor* v. *Canaday* (1900), 155 Ind. 671, 678, 57 N. E. 524, 59 N. E. 20; Ewbank's Manual (2d ed.) §123; Ewbank, Criminal Law §257.

Demurring to a counter affidavit filed in opposition to a petition for temporary alimony, when the court was in vacation, was not authorized by the Code of Civil Procedure, even though the affidavit was called a "plea in abatement to the petition," and the assignments of error in relation to the ruling on that demurrer present no questions. And in the ab-

sence of anything to show what evidence the court heard that is referred to by the statement that "the court now hears evidence on the application for temporary alimony," as a basis for its finding and order, this court cannot undertake to decide whether or not the assignment is well taken that "the court erred in rendering judgment * * * for temporary alimony and attorney's fees."

The transcript and assignment of errors are not so prepared as to present any questions for review. They were not filed within the time allowed (before the enactment of Acts 1921 p. 741, §2) for taking an appeal from an interlocutory order.

The appeal is dismissed.