RANDOLPH *v.* SANDERS, ADMINISTRATRIX, ETC., ET AL.

[No. 18,954. Filed October 23, 1959.]

*Kivett & Kivett* and *Alembert W. Brayton,* both of Indianapolis, for appellant.

*Grant Rogers,* of Franklin, *Adams & Cramer* and *Anthony Champa,* both of Shelbyville, for appellee.

RYAN, J.—This is an appeal from an action in replevin brought by the appellee, Esther Sanders, as

Administratrix of the Estate of Claude C. Sanders, against the appellant, Marie Randolph, and appellee, James Sanders, to recover possession of certain alleged assets of the estate, damages for intermeddling, and to replevy certain assets of the estate and recover damages for their unlawful detention.

The trial was had in the Shelby Circuit Court and judgment was rendered for the appellee, Esther Sanders. Appellant assigns as error the overruling of her motion to modify the judgment and the overruling of her motion for a new trial. For the purposes of this decision, we concern ourselves only with the provisions of §2-2510 of Burns' Ind. Stat. Ann., 1946 Repl.

Appellant in support of her contention that the court erred in overruling the motion for a new trial confines her argument mainly to the question of whether the evidence would support the judgment. On appeal this court views the evidence most favorable to the appellee and without weighing the evidence will indulge in every reasonable presumption, inference and intendment properly afforded thereby. Suffice it to say that in the present case the transcript is lengthy and the evidence is wholly in conflict. We therefore perceive no substance to said contention of appellant.

The sole remaining question presented to us is then whether or not the trial court should have sustained appellant's motion to modify the judgment.

The judgment, after ordering the return of the property, which is listed therein, then states:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendants, after the wrongful taking of said personal property, have unlawfully sold and disposed of many items of said property and have

wrongfully failed to take proper care of other items of said property and allowed the same to deteriorate and to suffer great depreciation in value, and thereby have made it impossible to deliver and return the possession of said personal property to the plaintiff.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that upon and by reason of the failure of the defendants to deliver and return said personal property and each item thereof to the plaintiff, the plaintiff recover of and from the said defendants and each of them the sum of Five Thousand Dollars ($5,000.00)."

Appellant moved to modify the judgment by striking these two paragraphs and substituting the following:

"It is further considered and adjudged by the Court that upon the failure of the defendants to deliver up to plaintiff said property, the plaintiff recover of the defendants said sum of $5,000.00."

We note that the judgment, after ordering the return of the property and listing it, then recites that the defendants have unlawfully sold and disposed of many items, which leaves us to speculate as to what was sold and disposed of, be it "One pair DeHorners", "2 gallon fresh lard", "3 pairs cow kickers"; whether the defendants failed "to take proper care of other items" such as "One pinky cow", "One red bull", "Rosemary's picture in glass frame", and whether other items such as "Three shovels", "One key to locker plant" were allowed to "deteriorate and suffer great depreciation of value."

We are also faced with the problem as to whether other items listed, such as "One Red Heifer ready to freshen", "Eight Shoats", "One Blue Roan cow with calf", "Two elephants", would fall within this provision of the judgment if an attempted return were to be made.

The term "judgment" implies the final sentence or

decision of a court of competent jurisdiction in which the rights of the parties have been judicially settled. I. L. E. Judgment, §1.

"It is not presumed that the court will dispose of a case piecemeal by entering successive final judgments, and a judgment is not final unless it determines the rights of the parties in the suit, or a distinct and definite branch thereof, and reserves no further question or direction for future determination." *Pokraka et al.* v. *Lummus Company* (1952), 230 Ind. 523, 528, 104 N. E. 2d 669 (and cases cited).

The judgment in the instant case is indefinite and does not so finally settle and adjudicate the controversy between the parties. The defendant upon the return of the "pinky cow" and "red bull" might find the plaintiff claiming a deterioration of the same and would then be required to engage in further litigation in order to secure judicial determination of whether "pinky" and "red" had in fact deteriorated.

The judgment not being in the alternative under §2-2510 of Burns' Ind. Stat. Ann., 1946 Repl., the cause is remanded with instructions to modify the judgment by specifying which of the items of personal property the court finds to have been "unlawfully sold and disposed of"; which items were found to lack "proper care" and which items "have been allowed to deteriorate and depreciate in value", and to further modify the decree by finding and decreeing the return of the property or the value thereof in case delivery cannot be had, and the amount the appellee should recover upon the basis of such modified findings, as herein instructed.

Myers, P. J., Ax, Cooper, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 772.