SUPERIOR TRAILER MFG. CORP. *v.* J. W. SCATTERDAY, INC., ET AL.

[No. 30,028. Filed November 3, 1960. Rehearing denied March 21, 1961.]

*Bernard Stroyman, Michael L. Fansler, Gustav H. Dongus, Paul Barnard* and *Fansler, Fauvre, Dongus & Barnard,* of counsel, all of Indianapolis, for appellant.

*Waldo Ging,* of Greenfield, *Richard Fulmer, Hugh E. Reynolds, Jr., Hugh E. Reynolds* and *Locke, Reynolds, Boyd & Weisell,* of counsel, all of Indianapolis, for appellees.

ACHOR, J.—In this case[1] the facts are substantially as follows:

The appellant, Superior Trailer Mfg. Corp., plaintiff below, entered into a written contract with the appellee, J. W. Scatterday, Inc., defendant below, on the 21st day of September, 1951, under the terms of which Scatterday agreed to erect a warehouse on premises owned by Superior. The contract as amended on December 5, 1951, provided that the new building would adjoin an old building owned by the appellant, Superior. Each building was to have an independent wall along the adjoining line, with the exception of a small section which would serve as a common wall for both buildings. The appellee, Travelers Indemnity Company, executed a contract bond whereby Superior was indemnified against any loss or damage which might occur in event Scatterday failed to properly perform the contract.

The complaint alleges that Scatterday excavated and removed the earth adjoining the footings of the walls on the old building in such a manner as to leave them without adequate support, thereby resulting in considerable damage to the old building. The amended complaint alleges further that Scatterday abandoned the work before completion, causing additional damage to Superior and that the work was defective in several particulars. Answer was filed by Scatterday and Travelers, and a counter-claim was filed by Scatterday. In

---

1. This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement. See, *Superior Trailer Mfg. Corp.* v. *J. W. Scatterday, Inc.* (1960), 164 N. E. 2d 548, for opinion of Appellate Court.

the counter-claim, Scatterday alleges that the excavations which Superior contends were made by Scatterday, which left the old building without adequate support, were actually made by the Central Engineering Company under the direction and supervision of Superior. Further, Scatterday alleges that after the debris, caused by Central Engineering Company, was cleared up, the appellant, Scatterday, then completed the construction of the new warehouse and has not yet been paid for such work. Issues were made by appropriate answers to the complaint and counter-claim and the same were submitted to the court without the intervention of a jury. Thus it is apparent that the primary issue of fact in the case is whether or not appellee had fully performed or completed the work specified in the contract in a good workmanlike manner.

At the conclusion of the trial, appellees requested special findings of fact and conclusions of law, which were made by the trial court. Under Specification 3, appellant asserts that the decision of the trial court upon the counter-claim by appellees is contrary to law, in that the court failed to find the ultimate fact that appellees had completed the contract. By its *findings* No. 54, the trial court stated upon this issue: "That said plaintiff is indebted to said defendant, J. W. Scatterday, Inc., on the contract price of said building in the sum of thirty-seven thousand four hundred eighty-one dollars." (Tr. p. 164, 11. 24-27, incl.) Appellees assert that this finding was sufficient as a finding that appellees had substantially completed the contract and was therefore entitled to payment under the contract. To reach this conclusion, appellees reason that the burden of proving the fact of non-completion was upon the appellant under his complaint, and therefore the above stated conclusion was sufficient because it dem-

onstrated the fact that appellant had failed to sustain this negative burden of proof.

We do not concur in the above rationalization. Although appellant affirmatively asked damages for non-performance, the burden of proving performance did not shift to the appellant. Rather, the burden of proving performance under the contract, so as to entitle appellees to recover, remained in the appellees. In this case special findings of fact and conclusions of law were properly requested. Therefore, under the issues as formed by the pleadings and the evidence it was the duty of the trial court to make a specific finding upon the issue of completion of the contract, upon which finding the court could conclude, as a matter of law, that an indebtedness did or did not exist under the contract.

Therefore, under Rule 2-30, judgment herein is ordered set aside and this case remanded back to the trial court for "findings upon the material issues of fact" as to the completion of the contract which is the subject of this litigation, and for further proceedings consistent with this opinion.

Judgment reversed.

Jackson, C. J., and Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 721.