STATE EX REL. SANDERS *v.* CIRCUIT COURT OF
SHELBY COUNTY, BARGER, JUDGE.

[No. 30,166.   Filed May 24, 1962.   Rehearing denied
October 22, 1962.]

*Alan H. Lobley, R. Stanley Lawton, Ross, McCord,
Ice & Miller,* of counsel, all of Indianapolis, and
*Brunner, Brown & Brunner,* of counsel, of Shelbyville,
for relator.

*Ralph Adams, Grant Rogers, Emmert & Robison*
and *Adams, Cramer & Glass,* all of Shelbyville, for
respondents.

JACKSON, J.—Relator has brought this original action for a writ of mandate seeking to mandate the respondents to accept a "Motion for New Trial" which relator seeks to file, and to rule thereon. Respondents have filed their objections to relator's petition alleging that it should be denied and that no alternative writ should issue.

The proceedings in the respondent court were initiated by the filing of an action in replevin by one Esther Sanders as Administratrix of the Estate of Claude C. Sanders, deceased, as plaintiff, against Marie Randolph and James Sanders (relator herein) as defendants. A trial was had, and on December 17, 1955, the respondent court entered judgment against the relator, James Sanders, and his co-defendant, Marie Randolph, for wrongfully taking property from the decedent of which the plaintiff in her fiduciary capacity as administratrix of the estate of said decedent was now the owner.

The property was specifically described in the decree, and was adjudged to have a value of Five-Thousand Dollars ($5,000) at the time of the wrongful taking. Because of its importance here we quote from a portion of said decree:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendants, after the wrongful taking of said personal property, have unlawfully sold and disposed of many items of said property and have wrongfully failed to take proper care of other items of said property and allowed the same to deteriorate and to suffer great depreciation in value, and thereby have made it impossible to deliver and return the possession of said personal property to the plaintiff.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that upon and by reason of the failure of the defendants to de-

liver and return said personal property and each item thereof to the plaintiff, the plaintiff recover of and from the said defendants and each of them the sum of Five Thousand Dollars ($5,000.00)."

Both the relator, James Sanders, and his co-defendant, Marie Randolph, joined in and filed one and the same motion to modify the judgment and one and the same motion for new trial, within 30 days after the entry of judgment. The respondent court overruled both motions.

Thereafter, the defendant, Marie Randolph, perfected an appeal to the Appellate Court of Indiana from the said judgment of the respondent court. Relator and the plaintiff, Esther Sanders, as Administratrix of the Estate of Claude C. Sanders, deceased, were made appellees in the appeal. Relator did not appeal in his own behalf.

The Appellate Court rendered its opinion on October 23, 1959, in said cause, remanding the case back to the respondent court:

". . . . [W]ith instructions to modify the judgment by specifying which of the items of personal property the court finds to have been 'unlawfully sold and disposed of'; which items were found to lack 'proper care' and which items 'have been allowed to deteriorate and depreciate in value', and to further modify the decree by finding and decreeing the return of the property or the value thereof in case delivery cannot be had, and the amount the appellee should recover upon the basis of such modified findings, as herein instructed." *Randolph* v. *Sanders, Admx. etc. et al.* (1959), 130 Ind. App. 41, 45, 161 N. E. 2d 772.

Upon remand, the respondent court did, on March 18, 1960, modify its judgment of December 17, 1955, in conformity with the mandate of the Appellate

Court. The respondent court in its modified decree specified with particularity what items of property had been wrongfully taken by relator and his co-defendant, including what items had been allowed to deterorate and depreciate in value, by lack of care while in the defendant's possession, so that in lieu of the return of said property, the plaintiff was adjudged to recover the sum of $2,850 from the defendants. In addition, the respondent court listed the property sold by the defendants and from which sale the proceeds were received by the defendants. Since such property could not be returned, the plaintiff was allowed the value of the property at the time of the taking which was in the sum of $1,750 in lieu of the return of such property. Further, the respondent court specified certain items of property which were disposed of in a manner other than by sale, and could not be returned to plaintiff. In lieu thereof, the plaintiff was given the sum of $400 which was the value of the property at the time of the taking. The sum total of the amount of judgment given plaintiff administratrix against relator and his co-defendant was $5,000.

A copy of the judgment as modified was ordered certified to the Appellate Court.

No new evidence was received by the respondent court nor was there a new submission or resubmission of the cause for trial prior to the compliance by said court with the mandate of the Appellate Court.

It does not appear that any of the parties to the appeal in the Appellate Court sought to question the compliance of the respondent court with the mandate of the Appellate Court. No motions to modify, supplement or enforce the mandate were filed with the

Appellate Court after the judgment had been modified.

On April 2, 1960, the relator tendered his "Motion for New Trial" for filing to the clerk of the respondent court. This offer was made within thirty (30) days after the respondent court had acted in modifying the judgment on March 18, 1960. Said court refused and declined to file the motion tendered for the reason that said motion was and is a nullity. The respondent court contended that it could take no further action in the cause than to comply with the mandate of the Appellate Court by modifying its 1955 judgment in the particulars ordered by said court.

It is the position of the respondent court that the modification entry of March 18, 1960, was simply a more specific statement of the same facts found and judgment rendered in 1955, for and against the same parties and in the same total amount.

As to the 1955 judgment, it should be noted that the Appellate Court did not reverse it nor did the Appellate Court order a new trial. The cause was only remanded back to the respondent court with instrucitons to modify the judgment by making it more specific in the particulars set out in the mandate.

The statute provides that when a judgment is reversed, in whole or in part, the cause shall be remanded with instructions for a new trial, "when the justice of the case requires it; but if no new trial is required, with particular instructions relative to the judgment to be rendered and all modifications thereof . . ." Acts 1881 (Spec. Sess.), ch. 38, §649, p. 240, being §2-3234, Burns' 1946 Replacement; *Frankenstein* v. *Coil Constr. Co., Inc. et al.* (1957), 127 Ind. App. 642, 143 N. E. 2d 468, reh. den. 145 N. E. 2d 19.

The Appellate Court in remanding the case back referred to the statute relating to judgments in acitons for replevin. Said statute provides in part:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, *or* the value thereof in case a delivery can not be had, and damages for the detention. . . ." [Emphasis added.] Acts 1881 (Spec. Sess.), ch. 38, § 444, p. 240, being § 2-2510, Burns' 1946 Replacement.

Under the statute, the plaintiff, first, is entitled to get the property of which he claims possession. However, if the property cannot be delivered to the plaintiff, then he is entitled to its value. But it is either one or the other.

In the present proceedings, the Appellate Court found that the original judgment was not in the alternative as contemplated by §2-2510, Burns' 1946 Replacement, *supra.* The Appellate Court noted:

" . . . [T]hat the judgment, after ordering the return of the property and listing it, then recites that the defendants have unlawfully sold and disposed of many items, which leaves us to speculate as to what was sold and disposed of . . .; whether the defendants failed 'to take proper care of other items' . . ., and whether other items . . . were allowed to 'deteriorate and suffer great depreciation of value'." *Randolph* v. *Sanders, Admx. etc. et al.* (1959), 130 Ind. App. 41, 44, 161 N. E. 2d 772.

It is necessary to make such a determination, according to the Appellate Court, in order to forestall the necessity of a later determination in case such property was attempted to be returned. In this regard, the Appellate Court stated:

"The judgment in the instant case is indefinite and does not so finally settle and adjudicate the

controversy between the parties." *Randolph* v. *Sanders, Admx. etc. et al.* (1959), 130 Ind. App. 41, 45, *supra.*

The opinion of the Appellate Court considered and decided two questions:

(1) Whether there was error in overruling appellant's motion for new trial;

(2) Whether there was error in overruling appellant's motion to modify the judgment.

As to the first question, the Appellate Court held that it could "perceive no substance" to the contention of the appellant that there was error in overruling the motion for new trial. This motion had been filed jointly by the appellant and relator who had been co-defendants in the replevin action, although relator was an appellee in the appeal.

Then going to the second question, the Appellate Court held that since the judgment was not in the alternative the cause was remanded with instructions to modify the judgment in the particulars specified.

Relator argues that on the basis of the opinion of the Appellate Court it is the law of the case that the judgment of the respondent court of December 17, 1955, was not a final judgment and, therefore, the modification of such judgment on March 18, 1960, is the only final appealable judgment.

The general rule is that an appeal must be taken from a final judgment, except where otherwise provided by statute. 1 I. L. E., Appeals, §24, p. 532.

Rule 2-3 of the Rules of the Supreme Court of Indiana provides in pertinent part:

"... No appeal will be dismissed as of right because the case was not finally disposed of in

the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are serverable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

Prior to the adoption of Rule 2-3, attempted appeals from judgments which were neither final judgments nor appealable interlocutory orders were dismissed. F. W. & H. Ind. Tr. & App. Pract., §2151, p. 18. However, under the Rule the court may, in its discretion, suspend consideration of the cause until final disposition of the issues, or it may pass upon such adjudicated issues as are severable. This Court has stated:

" ... To be a 'severable,' 'adjudicated' issue, the issue must constitute such a distinct and definite branch of the case that a determination as to that issue reserves no further question or decision for further determination as to the party asking the appeal. . . . ." *Smith* v. *State* (1956), 234 Ind. 691, 695, 131 N. E. 2d 148.

In the appeal of the instant case, the Appellate Court did not suspend consideration of the entire cause, but it went ahead and decided that the errors alleged in the motion for new trial were without substance. Under the circumstances here, we must presume that the Appellate Court considered that the motion for new trial presented a severable, adjudicated issue from that of the motion to modify the judgment. By its decision on the motion for new trial, the Appellate Court held that the judgment of December 17, 1955, was sustained by sufficient evidence. Thus, we must conclude that the severable issue presented by the motion for new trial became the law

of the case regarding the sufficiency of the evidence. The discussion of the Appellate Court in its opinion as to the finality of the 1955 judgment applied only to the motion to modify.

It is relator's further position that, even if the law of the case as to the finality of the 1955 judgment is not controlling, the entry of March 18, 1960, is a final appealable judgment because it finally disposed of all the issues against the relator, James Sanders, by making new findings of fact against him.

The issue involved in the replevin action in the present case was whether or not there was a wrongful taking of certain property from the party who was entitled to the possession of the same. The respondent court found that there was such a wrongful taking and ordered the return of the property. However, the Court further found that some items could not be returned because of deterioration, others because they had been sold, and still other items had been otherwise disposed of. These items were given a total valuation of $5,000 and relator and his co-defendant were ordered to pay such amount in lieu of the return of the property. The modification entry of March 18, 1960, merely specifically classified the items which could not be returned and specified the reasons therefor, besides placing a value on each classification, totaling $5,000.

If relator sought to question the compliance of the respondent court with the mandate of the Appellate Court, he had recourse in the latter court. An appellate tribunal retains jurisdiction of a cause for the purpose of effectuating its mandate. *American Transp. Co.* v. *Pub. Serv. Comm. of Ind.* (1959), 239 Ind. 453, 461, 158 N. E. 2d 653; *Union*

*Trust Co.* v. *Curtis* (1917), 186 Ind. 516, 524, 116 N. E. 916.

Since the respondent court here merely modified its judgment in the details specified by the Appellate Court and such modification did not materially change the judgment, relator's attempted filing of a motion for new trial which again seeks to challenge the sufficiency of the evidence was not proper. In the case of *Catherwood* v. *Morgan, Admr.* (1934), 99 Ind. App. 332, 188 N. E. 801, the Appellate Court dismissed an appeal from a modified judgment which had been so modified as per the mandate of the appellate tribunal. The Court agreed with the appellees in that case that the appellants were attempting to obtain by indirection what would amount to a rehearing in said cause. We believe that a similar situation exists here with the attempted filing of the motion for new trial.[1]

Relator has had his day in court and the opportunity for an appeal. He chose not to appeal. Now he should not be allowed at this late date to use an extraordinary remedy to recoup an opportunity of which he previously chose not to take advantage. Litigation must terminate sometime.

In as much as there was no clear legal duty in this case for the respondent court to accept and rule on

---

1. Relator cites the case of *Superior Trailer Mfg. Corp.* v. *J. W. Scatterday, Inc.* (1961), 242 Ind. 1, 175 N. E. 2d 359, for the proposition that he is entitled to file a motion for new trial when an appellate tribunal has remanded the case back to the trial court to make new findings. We do not believe that the cited case is applicable to the present proceedings. In the *Scatterday* case we reversed the judgment of the lower court and sent the case back to the trial court under Rule 2-30 of the Rules of this Court to make omitted special findings as requested by appellee in the trial court and which had not been done by the lower court. *Superior Trailer Mfg. Corp.* v. *J. W. Scatterday, Inc.* (1961), 241 Ind. 459, 169 N. E. 2d 721. In the present case Rule 2-30 is not involved and there was no reversal of the judgment.

the "Motion for New Trial" offered by relator, mandate will not lie to require the respondents to do so. *State ex rel., Dean et al.* v. *Tipton Circuit Ct.* (1962), 242 Ind. 642, 181 N. E. 2d 230.

The petition for the writ of mandate is denied.

Bobbitt, J., concurs.

Achor, C. J., Arterburn and Landis, JJ., concur in result.

NOTE.—Reported in 182 N. E. 2d 781.