Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 289 N.E.2d 781.

ROBERT ALEXANDER SMITH A/K/A BOBBY SMITH ALEXANDER
*v*. CITY OF EVANSVILLE.

[No. 1-872A38. Filed November 27, 1972. Rehearing denied January 9, 1973.]

*John D. Clouse,* of Evansville, for appellant.

*Cox, Schroeder, Dodd, Staser & Mitchell,* of Evansville, for appellee.

## ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.—This cause is pending before the Court on the Appellee's Motion to Dismiss, the Appellant's Motion to Strike the Appellee's said Motion and the Appellee's Answer to Appellant's Motion to Strike. The Appellee's Motion alleges that Appellant is attempting to appeal an interlocutory order which is not appealable.

The record of this cause reveals the following. The City of Evansville (City) filed its complaint against the defendant-appellant Smith for damages caused to its Garvin Park during a rock festival which was promoted by Smith. With its Complaint, City filed its Petition for Immediate Attachment praying that the court issue a writ of attachment against the gate receipts of the festival received by Smith. The writ issued, pursuant to which the Sheriff of Vanderburgh County attached a certain bank account belonging to Smith.

Thereafter Smith filed his Petition to Dissolve Writ of Attachment. The trial court held a hearing on the Petition to Dissolve after which it entered its order granting Smith's Petition in part, except that the writ was continued as to the sum of Ten Thousand Dollars.

Smith is attempting to appeal from this Order as an appealable interlocutory order and has filed his assignment of errors in this Court alleging that "the Court erred, in its interlocutory order, in not granting, completely and in its totality, the appellant's petition to dissolve writ of attachment and in continuing in force said writ of attachment against the funds of appellant in the sum of Ten Thousand Dollars."

We agree with the appellee that the order appellant seeks

to appeal is not an *appealable* interlocutory order as defined by Supreme Court rule and opinion.

In the case of *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, our Supreme Court, in defining *appealable* interlocutory order, stated:

"Of further moment here is the fact that, even if it were an interlocutory order and not a final judgment, the ruling of the trial court did not deal with a subject which would render the order an appealable interlocutory order as this court defines that term.

"We refer to the provisions embodied in Acts of 1969, ch. 191, Sec. 1, Rule 72b, IC 1971 34-5-1 Rule 72(b). As is provided there:

'(b) Appeals from interlocutory orders. An appeal to the Supreme Court may be taken from an interlocutory order of any trial court or judge thereof in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions;

(4) Orders and judgments upon writs of habeas corpus; or

(5) Any other interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that: A. The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) (sic) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or C. The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (b) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any.' "

In comparing the order of the trial court sought to be appealed herein, to the first four sub-divisions of the rule, it is readily apparent that the order does not fall within any of the categories set out in those sub-divisions. We have examined the record in this cause and do not find any certificate of the trial judge as provided for by the fifth sub-division of the rule. In taking judicial notice of our records, we note that appellant has not filed with this Court the petition as provided for by said fifth sub-division of the rule.

The Appellee's Motion to Dismiss is therefore sustained, and this cause is dismissed.

NOTE.—Reported at 289 N.E.2d 313.