GREYHOUND LINES, INC. *v.* BOBBY VANOVER AND JUDY VANOVER.

[No. 2-474A82. Filed June 4, 1974.]

*John H. Douglas, Smith, Maley & Douglas,* of Indianapolis, for appellant.

*William F. Knowles, Baker, Orbison, Bales & Knowles,* of Indianapolis, for appellees.

PER CURIAM—This cause is pending before the Court on the Appellees' Motion to Dismiss, the substance of which is that appellant is attempting to appeal a non-appealable interlocutory order.

An examination of the record herein reveals that this case began as two cases for personal injury arising out of the collision of appellees' automobile and appellant's bus. The two cases were subsequently consolidated in the trial court. Interrogatories were filed by, and answered by, all parties. Thereafter the plaintiff-appellees served a Request for Production of Certain Documents, to which the defendant-appellant filed objection. The trial court overruled the objection, and subsequently defendant-appellant filed its motion to reconsider. While awaiting a hearing on the motion to reconsider, plaintiffs filed an Amended Request for Production for Documents, to which defendant filed its Supplemental Brief in Opposition.

After oral argument on these matters, the trial court entered the following ruling:

> "Defendant's motion to reconsider files (sic) Jan. 30, 1974, overruled. Plaintiff's amended request for production of documents filed Feb. 28, 1974, sustained."

Appellant is attempting to appeal from this Order as an appealable interlocutory order and has filed its assignment of errors in this Court, which, omitting formal parts, reads as follows:

### "ASSIGNMENT OF ERRORS

"Comes now the Defendant Appellant, Greyhound Lines, Inc., and assigns as error to the Court of Appeals of Indiana, the decision of the Superior Court of Marion County, Room 5, dated March 5th, 1974, which overruled the Objections filed by the Defendant to the Plaintiffs' Request for Production of October 15th, 1973, and the Plaintiffs' Amended Request for Production filed February 28th, 1974, and the sustaining of said Request for Production. The ruling of the Court being contrary to the scope of discovery allowed by Rule 26 B (1) and Rule 26 B (2) of the Indiana Rules of Trial Procedure. That by said ruling, the Court has abused its discretion and gone beyond its jurisdiction in ordering the production of the items requested without evidence of good cause and relevancy and its decision is thereby contrary to law.

"WHEREFORE, the defendant prays that the Indiana Court of Appeals reverse the Trial Court's Order overruling the Defendant's Objections to the Plaintiffs' Request for Production and Amended Request for Production and for all other just and proper relief in the premises."

We agree with the appellees that the order appellant here seeks to appeal is not an *appealable* interlocutory order as defined by Supreme Court rule and opinion. In the case of *Anthrop* v. *Tippecanoe School Corporation* (1972), 257 Ind. 578, 277 N.E.2d 169, our Supreme Court stated:

"An appeal from an interlocutory order lies only when expressly authorized and the authorization is to be strictly construed. Any attempt to perfect such an appeal where there is no authorization warrants a dismissal. Seaney v. Ayres (1958), 238 Ind. 493, 151 N.E.2d 295, and Chapman v. Chapman (1953), 231 Ind. 556, 109 N.E.2d 724."

In the case of *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, our Supreme Court in defining an *appealable* interlocutory order, stated:

"Of further moment here is the fact that, even if it were an interlocutory order and not a final judgment, the ruling of the trial court did not deal with a subject which would render the order an appealable interlocutory order as this court defines that term.

"We refer to the provisions embodied in Acts of 1969, ch. 191, Sec. 1, Rule 72b, IC 1971 34-5-1-Rule 72(b). As is provided there:

'(b) Appeals from interlocutory orders. An appeal to the Supreme Court may be taken from an interlocutory order of any trial court or judge thereof in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions;

(4) Orders and judgments upon writs of habeas corpus; or

(5) Any other interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that: A. The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) (sic) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or C. The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (b) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any.' "

In comparing the Order of the trial court which appellant attempts to appeal herein, with the first four sub-divisions of the rule, it is readily apparent that the Order does not fall within any of the categories set out in those subdivisions. We have carefully examined the record of the proceedings in this cause and do not find a certificate of the trial judge as pro-

vided for by the fifth sub-division of the rule. In taking judicial notice of our records, we note that appellant has not filed with this Court the petition as provided for by the fifth sub-division of the rule.

This Court has also had occasion to speak on the subject of non-appealable interlocutory orders. In the case of *Smith, etc.* v. *City of Evansville* (1972), 154 Ind. App. 226, 289 N.E. 2d 313, the appellant sought to appeal an order which granted in part the defendant's petition to dissolve writ of attachment, and continued the attachment in part. This Court, following the Supreme Court's decision in *Richards* v. *Crown Point Community School Corp.*, *supra*, held that the order was not an *appealable* interlocutory order and dismissed the attempted appeal.

Thereafter, in the case of *Bell et al.* v. *Wabash Valley Trust Company* (1973), 156 Ind. App. 476, 297 N.E.2d 924, this Court had before it an attempted appeal from an order of the trial court denying a petition for partial distribution from a terminated testamentary trust. The Court dismissed the appeal, sua sponte, because it was from neither an appealable interlocutory order nor a final judgment. In speaking for the Court, Judge Buchanan stated:

"Appeals from interlocutory orders are not allowed unless specific authority is granted by the Indiana Constitution, Statutes, or Rules of Court. *Anthrop* v. *Tippecanoe School Corporation* (1972), 257 Ind. 578, 277 N.E.2d 169; *State ex rel. Sanders* v. *Circuit Court* (1962), 243 Ind. 343, 182 N.E.2d 781; *Neal* v. *Hamilton Circuit Court* (1967), 248 Ind. 130, 224 N.E.2d 55; *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N.E.2d 243; 1 Bobbitt, Indiana Appellate Practice and Procedure 364, 380 (1972)."

The Court then set out Rule AP. 4(B)[1] and commented:

---

1. Rule AP. 4(B) reads as follows:
   (B) In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:
   (1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

"Rule AP. 4(B), Incidentally, is virtually identical to the statutory source which it superseded, *i.e.*, Ind. Ann. Stat. § 2-3218 (Burns 1968), and therefore cases requiring strict construction of § 2-3218 are good precedent and should be followed. Natcher v. Natcher (1899), 153 Ind. 368, 55 N.E. 86; Barney v. Elkhart County Trust Co. (1906), 167 Ind. 505, 79 N.E. 492; Nisius v. Chapman (1912), 178 Ind. 494, 99 N.E. 785."

Since the Order appellant herein seeks to review is not among the genre of interlocutory orders permitted by rule to be appealed, the appellant's attempted appeal must be dismissed.

The appellees' motion to dismiss is sustained and this cause is dismissed.

White, J., not participating; Robertson, J., participating by designation.

NOTE.—Reported at 311 N.E.2d 632.

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court.

Any law, statute or rule or part thereof in conflict with the provisions set forth hereinabove are superseded by these rules, and the portions in conflict with these rules are hereby held vacated, set aside and held for naught.