Nov. Term,
1855.

Maas
v.
Bloch.

*J. M. Hanna*, for the appellants.

---

## Maas v. Bloch.

*A.*, who was a foreigner, unacquainted with the *English* language, being about to sue *B.* for a debt, engaged *C.* to act as her agent and interpreter in stating the case to attorneys, in order to employ them to bring the suit. Suit having been brought, and *C.* having sworn to an admission made to him by *B.* of his indebtedness to *A.*, *B.* (having first laid the proper foundation for the question) offered to prove by said attorneys that *C.*, in his statement of the case to them, had said that he had never heard such admission. The attorneys having declined to answer the question, *held*, that the evidence was inadmissible.

Monday,
December 10.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—*Caroline Bloch* sued *Moses Maas*, before a justice of the peace, for 90 dollars, balance due of money lent. The case went by appeal to the Circuit Court. Trial by jury. Judgment for plaintiff. On the trial, one *Leon Adler* was sworn as a witness for plaintiff, and testi-

fied that in the *February* previous, he heard the defendant
admit that he had borrowed 100 dollars at *Paris*, and he
further testified that defendant paid plaintiff 10 dollars on
the claim.

On cross-examination, the witness was asked if he had
not, on, &c., at, &c., stated to one *Gazlay* and to one *Vaile*,
that he had never heard such admission made; to which
witness replied that he had not so stated.

The defendant then introduced said *Gazlay* and *Vaile*,
and proposed to prove by them that said witness had
made the statement on, &c., at, &c., which he now denied
having made; whereupon said *Gazlay* and *Vaile* stated,
and it was admitted to be true, that on, &c., at, &c., said
*Adler*, as the agent and interpreter of the plaintiff, *Bloch*,
who is a foreigner, had a conversation with them in their
character as attorneys at law, that being their profession,
with a view to employing them to bring suit upon said
claim, and that what he said, which was now proposed to
be proved, was in that conversation; hence, they declined
to testify in regard to it, holding that it would be a breach
of professional confidence.

The Court sustained them in their refusal. This is the
error complained of.

Counsel for the defendant below contend, that so much
only of the conversation of *Adler* with the attorneys as
purported to communicate the disclosures of the plaintiff
herself, is privileged, while that part which disclosed mat-
ters of his own knowledge, may be testified to by the
attorneys. This is the only point made in the case. Had
*Adler* made statements to the attorneys above named, in
other conversations than that in which he was acting as
agent or interpreter of the plaintiff, *Bloch*, proof of such
statements, by those attorneys, for the purpose of impeach-
ing him, might have been legal, as they would have been
but the statements of a witness; while, on the other hand,
the general principle is, that his statements, in the conver-
sation in which he was consulting attorneys as her agent,
are not provable by such attorneys; for the protection to
these communications extends "to all the necessary organs

Nov. Term,
1855.

THE STATE
v.
PORTER.

of communication between the attorney and his client."
1 Greenl. Ev. 351.

But here is a conversation of which it is admitted a part is privileged, and it is insisted a part is not; and the question is, can a separation of the parts be properly made? Can the part which was uttered as a mere witness, be distinguished from that which was uttered as agent of the plaintiff? It will at once be admitted that the task would be involved in difficulty. Who is to determine which part of the conversation was in one character and which in the other? Is it to be done by the attorney or the agent? They might disagree, and the rights of the client might suffer in the controversy. And if the rule is to be established that such separations of single conversations may be attempted, manifestly it will greatly impair the freedom and confidence of communication between the principal and the agent, and seriously embarrass their intercourse. See *Jenkinson* v. *The State*, 5 Blackf. 465.—*Reed et al.* v. *Smith*, 2 Ind. R. 160.

We think the ruling below was right.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Brower*, for the plaintiff.