**Norman RICHEY, Denise L. Richey, and Norman Richey III, By and Through his Natural Guardians, Appellants, (Plaintiffs Below),**

v.

**William G. CHAPPELL, Appellee. (Defendant Below),**

and

**Indiana Farmers Mutual Insurance Group, Non–Party Respondent, Appellee.**

No. 11S01–9206–CV–496.

Supreme Court of Indiana.

June 25, 1992.

Keith R. Lyman, Terre Haute, for Norman Richey, Denise L. Richey and Norman Richey, III.

Mark D. Hassler, Frey Hunt Hassler & Lorenz, Terre Haute, for William G. Chappell.

Stephen J. Peters and William N. Ivers, Stewart & Irwin, Indianapolis, for Indiana Farmers Mut. Ins. Group.

Michael E. Brown, Rodney L. Scott, Kightlinger & Gray, Indianapolis, for amicus curiae, Ins. Institute of Indiana.

John C. Trimble, Richard K. Shoultz, Lewis Bowman St. Clair & Wagner, Indianapolis, for amicus curiae, Indiana Defense Lawyers Ass'n.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

We grant transfer to decide whether a statement of an insured given to his insurer is protected from discovery by a third party.

William G. Chappell (Defendant–Appellee below) ("Chappell") and his insurance company, Indiana Farmers Mutual Insurance Group (Non–Party Respondent Appellee below) ("Farmers"), seek transfer after the Court of Appeals decided that Norman Richey, Denise L. Richey, and Norman Richey, III, (Plaintiffs–Appellants below) (collectively the "Richeys") were entitled to obtain, via a *subpoena duces tecum*, a copy of a statement given by Chappell to Farmers. *Richey v. Chappell* (1991), Ind. App., 572 N.E.2d 1338.

The facts relevant to the petition are as follows. On February 13, 1988, Chappell and the Richeys were involved in an automobile collision. Five days later, Chappell gave a statement to Farmers concerning the incident. The Richeys filed suit in 1990. During discovery, the Richeys served a *subpoena duces tecum* on Farmers requesting various documents. Farmers filed objections to producing some of the documents falling within the scope of the requests. The trial court examined the

disputed material *in camera* and ordered Farmers to produce certain documents.[1] Production was denied for the remaining documents, including Chappell's statement. The Richeys took an interlocutory appeal pursuant to Ind.Appellate Rule 4(B)(6) in connection with that portion of the trial court's order denying discovery.

As to all documents except Chappell's statement, the Court of Appeals affirmed the trial court's order because the documents (1) were inadmissible at trial and not reasonably calculated to lead to the discovery of admissible evidence, (2) were equally accessible to the Richeys, or (3) contained the opinions and conclusions of Farmers' employees. 572 N.E.2d at 1340–41. The Court of Appeals concluded that Chappell's statement was discoverable because Farmers had not sustained its burden of establishing that the statement was obtained in anticipation of litigation rather than in the normal course of Farmers' business. 572 N.E.2d at 1341–42. Farmers and Chappell seek transfer from that holding. We conclude that in third-party actions such as this one, statements given by an insured to his insurance company are privileged and are not subject to discovery by the third party.

 In Indiana, the information available through discovery, although broad, is not all-inclusive. Indiana Trial Rule 26(B)(1) requires that the information sought must be relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence, and not privileged. Subdivision 3 of the Rule further refines the parameters by permitting discovery of documents or tangible items prepared "in anticipation of litigation" only upon a showing that the party seeking discovery has a substantial need for the materials and is unable, without undue hardship, to obtain the substantial equivalent by other means. Even with such a showing of hardship, however, the party seeking discovery is in no event entitled to the mental impressions, conclusions, opin-

ions, or legal theories of an attorney or other representative of the party concerning the litigation. Our discovery rules are designed "to allow liberal discovery with a minimum of court involvement in the discovery process." *Chustak v. Northern Ind. Pub. Serv. Co.* (1972), 259 Ind. 390, 395, 288 N.E.2d 149, 152–3. As we recently noted in *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 526, 531, *in camera* inspections, such as the one involved here, should be a rare procedure in discovery disputes.

In Indiana, the issue of whether a third party is entitled to discover an insured's statement given to his insurer has recently been decided on the basis of whether the statement was obtained in anticipation of litigation or in the ordinary course of business. *See e.g. Schierenberg v. Howell–Baldwin* (1991), Ind.App., 571 N.E.2d 335, 338; *DeMoss Rexall Drugs v. Dobson* (1989), Ind.App., 540 N.E.2d 655. In these cases, the Court of Appeals has concluded that because the defendant's insurance company did not establish that the insured's statements were obtained in anticipation of litigation, the statements were discoverable. This result has given rise to uncertainty—at the time the statement is obtained—about whether the statement will be subject to discovery. As in this case, resolving a discovery dispute about disclosure of statements has required the expenditure of court time on *in camera* inspections and interlocutory appeals. After considering the legal arguments, pertinent case law, and the approach taken by other states, we conclude that statements from the insured to his insurer are protected from discovery by a third party.

 Under Indiana law, a communication between an attorney and a client is privileged and not discoverable. Trial Rule 26(B)(1); *Colman v. Heidenreich* (1978), 269 Ind. 419, 423, 381 N.E.2d 866, 869. Although the privilege is presently recognized by statute, *Ind.Code* §§ 34–1–14–5 and 34–1–60–4, the privilege was first rec-

---

**1.** The documents ordered produced were: automobile loss notice, damage repair estimate, telephone message from the Richeys, letter to Brad

Auto Parts, Statement of No Injury from a passenger, Indiana Officer's Standard Accident Report, and photographs of the damaged vehicles.

ognized in Indiana as a part of the common law by judicial decision. *Jenkinson v. State* (1845), 5 Blackf. 465, 466. The scope of the privilege has been defined by this Court to include communications between an attorney and the client made through their agents or representatives. *Brown v. State* (1983), Ind., 448 N.E.2d 10, 13–14; *Bingham v. Walk* (1881), 128 Ind. 164, 171, 27 N.E. 483, 486; *Maas v. Bloch* (1855), 7 Ind. 202.

One of the primary duties placed upon insurers by the issuance of a liability insurance policy is the obligation to defend claims filed by third persons against the insured. In order to effectively defend the claim, the insured must be questioned about sensitive matters which may be embarrassing, incriminating, or detrimental to the insured. The failure to cooperate may invalidate coverage, *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257, and even an insured's constitutional right against self-incrimination may not override the insured's duty to cooperate with the insurance company. *Standard Mut. Ins. Co. v. Boyd* (1983), Ind.App., 452 N.E.2d 1074, 1079. In connection with its obligation to defend claims, the insurance company retains an attorney, not usually of the insured's own choosing, to represent the insured. Statements from the insured are then used by the attorney to assist in the defense of the insured, just as statements given by plaintiffs to their own attorneys are used to assist in the prosecution. Uncertainty about whether the insured's statements are discoverable gives rise to a conflict about whether a statement should be given at all, and undermines what should be a cooperative relationship among the insured, insurer and attorney. An insured's relationship to the insurance company requires full disclosure by the insured without fear that the statement may be later obtained by the claimant.

The rule that privilege attaches to an insured's statement given to the insurer for possible use by the insured's attorney is followed in many other jurisdictions: *General Accident Fire & Life Assur. Corp. v. Mitchell* (1953), 128 Colo. 11, 259 P.2d 862;

*Vann v. State* (1956), Fla., 85 So.2d 133; *People v. Ryan* (1964), 30 Ill.2d 456, 197 N.E.2d 15; *Asbury v. Beerbower* (1979), Ky., 589 S.W.2d 216; *State ex rel Cain v. Barker* (1979), Mo.Ct.App., 540 S.W.2d 50; *Brakhage v. Graff* (1973), 190 Neb. 53, 206 N.W.2d 45; *State v. Kociolek* (1957), 23 N.J. 400, 129 A.2d 417; *Puckett v. Broome* (1964), 53 Tenn.App. 663, 385 S.W.2d 762; *see also* cases collected at 55 A.L.R.4th 336. We find ourselves in agreement with the Illinois Supreme Court when it stated:

> We think the rationale of those cases upholding the privileged nature of communications between insured and insurer where the insurer is under an obligation to defend is more persuasive. We concede that such communications are normally made by the insured to a layman and in many cases no lawyer will actually be retained for the purposes of defending the insured. Nevertheless, by the terms of the common liability insurance contract, the insured effectively delegates to the insurer the selection of an attorney and the conduct of the defense of any civil litigation. The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication or during the course of litigation. Under such circumstances, we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured. We believe that the same salutary reasons for the privilege as exist when the communication is directly between client and attorney were present when Della Emberton made her statement to the investigator for her insurer. We therefore conclude that public policy dictates that the statement ... was clothed with the attorney-client privilege while in control of the insurer.

*People v. Ryan,* supra, 197 N.E.2d at 18.

The Richeys would have us analyze this issue on the same basis as that employed by the Court of Appeals in *DeMoss Rexall Drugs v. Dobson,* 540 N.E.2d 655. That case involved a claim by plaintiff that the insured dispensed the wrong medication to

her. · Soon after the claim was reported to the pharmacy's insurer, statements were taken from pharmacy employees. After suit was filed the following year, the trial court granted plaintiff's request for production of the statements. After rejecting the possibility that such communication was privileged, the *DeMoss* court held that the statements were discoverable because the defendant had not established that the statements were intended for purposes other than routine claims investigation and evaluation. 540 N.E.2d at 658. In reaching this conclusion, the *DeMoss* court relied on *Cigna–INA/Aetna v. Hagerman– Shambaugh* (1985), Ind.App., 473 N.E.2d 1033. That reliance, however, was misplaced. *Hagerman–Shambaugh* was a first-party claim involving an action by the insured against its insurer over whether a particular loss was covered by the policy, not, as here, a claim brought by a third party against the insured. Although we find the rationale expressed in *Hagerman– Shambaugh* relating to first-party claims to be sound, it is not applicable to discovery of an insured's statement because in first-party litigation the insured would always be entitled to obtain a copy of his statement pursuant to T.R. 26(B)(3) and the insurer, having taken the statement originally, would have no need to discover it.

Therefore, we hold that where the policy of insurance requires the insurer to defend claims against the insured, statements from the insured to the insurer concerning an occurrence which may be made the basis of a claim by a third party are protected from disclosure.

■ Our standard of review in discovery matters is limited to determining whether the trial court abused its discretion. *Logal v. Cruse* (1977), 267 Ind. 83, 89, 368 N.E.2d 235, 238, *cert. den.* 435 U.S. 943, 55 L.Ed.2d 539. Here, the statement falls within the rule enunciated today. The statement was given by the insured to his insurer and related to the subject matter which is the basis of the Richeys' claim. The policy of insurance requires the insurance company to defend Chappell and to hire counsel for him. Chappell's statement is privileged and not subject to discovery initiated by the Richeys.

### Conclusion

Accordingly, we grant transfer and affirm the ruling of the trial court. Pursuant to Ind.Appellate Rule 11(B)(3), we expressly adopt and incorporate by reference the remaining portion of the opinion of the Court of Appeals as it relates to *in camera* inspections and production of the other documents.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.