**Bonnie R. MADISON, Appellant (Defendant Below),**

v.

**Viola D. HAWKINS, Appellee (Plaintiff Below).**

No. 82A04–9407–CV–292.

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1994.

Donald R. Wright, Robin R. Craig, Wright, Evans & Daly, Evansville, for appellant.

John A. Hamilton, Jeffrey T. Shoulders, Barber and Hamilton, Evansville, for appellee.

RATLIFF, Senior Judge.

*STATEMENT OF THE CASE*

Bonnie Madison appeals the trial court's order requiring her to produce documents to Viola Hawkins. We reverse.

*ISSUES*

I. Whether the rule of law announced in *Richey v. Chappell* (1992), Ind., 594 N.E.2d 443, includes a requirement of privity of contract between the insured and the insurer.

II. Whether a motor vehicle accident report prepared for the Indiana State Police, concerning an accident which is the basis for a personal injury claim, and which is retained

in the file of the automobile liability insurance carrier, is subject to discovery?

## FACTS

On January 28, 1993, Bonnie Madison was driving Glen and Marguerite Blocker's automobile when she was involved in an accident with Viola Hawkins, a pedestrian. The Blockers' vehicle was insured with Liberty Mutual Insurance Company.[1]

Liberty Mutual investigated the accident, and obtained a recorded statement and a handwritten accident report from Madison. Madison's report was attached to another report which Blocker had prepared. Madison also sent an accident report to the Indiana State Police on a state provided form. Liberty Mutual retained a copy of this report in its files.

On June 4, 1993, Hawkins filed a complaint against Madison alleging that Madison drove the vehicle negligently and caused Hawkins' injuries. Madison filed an answer and denied liability. During discovery, Hawkins requested production of 1) Madison's recorded statement to Liberty Mutual; 2) Madison's written report to Liberty Mutual; 3) Madison's report to the Indiana State Police; and 4) Madison's report to Auto–Owner's. Madison refused Hawkins' request arguing that her statements and reports to Liberty Mutual and Auto Owners were protected from disclosure under *Richey v. Chappell* (1992), Ind., 594 N.E.2d 443, and that the accident report prepared for the Indiana State Police and retained in Liberty Mutual's file was protected by Ind.Code 9–26–3–4.

Hawkins filed a motion to compel discovery, and the trial court entered an order compelling the production of certain documents in Liberty's possession. The court's order states in pertinent part as follows:

"It is therefore ordered that the Defendant produce to the Plaintiff the report made by the Defendant to the State of Indiana and provided to Liberty Mutual, and the report made by the Defendant to Liberty Mutual Insurance Company. The Plaintiff's Motion to Compel Discovery of the report made by the Defendant to her insurance

Company, Auto Owners Insurance Company, is denied."

R. at 26.

Upon motion by Madison, and over the objection of Hawkins, the trial court certified the discovery order for interlocutory appeal on June 22, 1994. This court entered an order accepting jurisdiction of the interlocutory appeal pursuant to Ind.Appellate Rule 4(B)(6).

## DECISION

I. *Madison's Recorded Statement and Accident Report for Liberty Mutual*

■ Our standard of review in discovery matters is limited to determining whether the trial court abused its discretion. *Richey v. Chappell* (1992), Ind., 594 N.E.2d 443, 447. Madison argues that the trial court abused its discretion by ordering her to produce the recorded statement and accident report which she prepared for Liberty Mutual. Specifically, Madison argues that the facts of this case fall squarely within *Richey,* and that these documents are protected from disclosure. Hawkins argues that this case is distinguishable from *Richey* because Madison has no privity of contract with Liberty Mutual. We agree with Madison.

■ In *Richey,* our supreme court stated as follows:

"[W]e hold that where the policy of insurance requires the insurer to defend claims against the insured, statements from the insured to the insurer concerning an occurrence which may be made the basis of a claim by a third party are protected from disclosure."

*Id.* at 447.

Here, Madison was driving the Blockers' automobile when the accident occurred. The Blockers have an insurance policy with Liberty Mutual which states in pertinent part as follows:

"PART A

We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an

---

1. Hawkins owned a vehicle which was insured by Auto–Owner's Insurance Company.

automobile accident.... We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

'Insured' as used in this Part means ... any person using 'your covered auto'.

R. at 59.

According to the terms of the policy, Madison, who was driving the Blockers' automobile at the time of the accident, is an insured. The policy requires Liberty Mutual, the insurer, to defend claims against an insured. As a result, any statements that Madison made to Liberty Mutual concerning the accident involving Hawkins, which is now the basis of a claim by Hawkins, are protected from disclosure. Clearly, the facts of this case fall squarely within *Richey*.

In addition, our reading of *Richey* reveals that the supreme court did not include a requirement of privity of contract between the insurer and the insured.[2] *Richey*'s holding states specifically that statements from *the insured* to *the insurer* are protected from disclosure. Here, according to the terms of the policy, Madison is the insured, and Liberty Mutual is the insurer. We decline Hawkins' invitation to include a privity of contract requirement.

■ Hawkins further argues that even if this case falls squarely within *Richey*, and privity of contract is not required, Madison waived the *Richey* protection because she and Blocker prepared jointly Madison's report to Liberty Mutual.[3] In her reply brief, Madison argues that there is nothing in the record which indicates that Blocker and Madison prepared jointly Madison's report. We agree with Madison. Our review of the record reveals no evidence that Blocker and Madison prepared jointly the report to Liberty Mutual and, even if they had, Hawkins has failed to cite any authority in support of her argument that joint preparation of a report waives the protection provided by *Richey*.

Lastly, Hawkins argues that there is a "factual distinction between the communications in *Richey* and the form reports in this case." Hawkins' Brief, p. 6. Specifically, Hawkins argues as follows:

"The court in *Richey v. Chappell, supra,* addressed the privileged nature of private communications between an insured and his insurer which included letters, photos, and a phone message. The privilege set forth in *Richey* insures full communication in such private matters and is directed at question-and-answer statements about 'sensitive matters which may be embarrassing, incriminating or detrimental to the insured.' *Richey v. Chappell,* 594 N.E.2d at 446. In this cause, the trial court simply ordered Madison to produce a routine form report given to Blocker's insurance company. The concerns of full communication underlying the privilege in *Richey* are not present here."

Hawkins' Brief, p. 5–6. Hawkins' argument must fail.

The document at issue in *Richey* was Chappell's statement to his insurance company, Indiana Farmer's Mutual Insurance Group, not letters, photos and phone messages. In addition, there is nothing to indicate that Chappell's statement to Farmer's

2. In support of her argument that *Richey* requires privity of contract between the insurer and the insured, Hawkins directs us to *Erie Insurance Co. v. Hickman by Smith* (1993), Ind., 622 N.E.2d 515, wherein our supreme court stated that, "a relationship exists between an insurer and an insured because they are in privity of contract." *Id.* at 518.

We note that Hawkins has taken this quotation out of context. In *Erie,* our supreme court examined the relationship between the insurer and its insured to determine whether there existed a "special relationship to support the imposition of a tort duty." *Id.* In so doing, the court acknowledged that in that case, as in many others, the insured and its insurer were in privity of contract. However, there is no connection between this acknowledgement and the protection from disclosure provided by that court in *Richey*.

3. Hawkins appears to believe that because Madison's report was attached to Blocker's report when the documents were submitted to Liberty Mutual, Madison and Blocker prepared jointly Madison's report. We find Hawkins belief to be speculative.

contained sensitive matters. Similarly, the document at issue in this case is Madison's recorded statement and written report to Liberty Mutual. We fail to see a "factual distinction" between Chappell's statement to Farmer's and Madison's recorded statement and written report to Liberty Mutual. In addition, *Richey*'s holding protects "*statements* from the insured to the insurer." There is no requirement that the statements be embarrassing, incriminating or detrimental in order to receive protection. The trial court abused its discretion by ordering Madison to produce the recorded statement and accident report which she prepared for Liberty Mutual.

## II. *Madison's Accident Report for the Indiana State Police*

■ Madison argues that the trial court abused its discretion by ordering her to produce the report which she provided to the Indiana State Police, a copy of which Liberty Mutual kept in its files. Specifically, Madison argues that the report which she provided to the Indiana State Police is protected by Ind.Code 9–26–3–4. Without authority for her proposition, Hawkins argues that, "I.C. 9–26–3–4 applies to a request made upon the state." Hawkins' Brief, p. 6. Again, we agree with Madison.

Ind.Code 9–26–3–4 states in pertinent part as follows:

"(b) Except as provided in subsection (c), each required accident report and supplemental report is without prejudice to the reporting individual and is for the confidential use of the state police department or other state agencies having use of the records for accident prevention purposes.
(c) The state police department may disclose the identity of a person involved in an accident when the person's identity is not otherwise known or when the person denies being present at the accident.
(d) A report may not be used as evidence in a trial, civil or criminal, arising out of an accident. However, the state police department shall, upon the demand of a:
　(1) Person who has, or claims to have, made a report; or
　(2) Court;

furnish a certificate showing that a specified accident report has or has not been made to the state police department solely to prove a compliance or a failure to comply with the requirement that a report be made to the state police department."

"[W]hen a statute is clear and unambiguous on its face, this court need not, and indeed may not, interpret the statute. Instead, we must hold the statute to its clear and plain meaning." *Miller v. Walker* (1994), Ind.App., 642 N.E.2d 1000 (citations omitted). The language of this statute is clear—the required accident report is without prejudice to the reporting individual, and it is for the confidential use of the state police department and other state agencies. We note that the statute contains no exceptions that the report may be used by another individual or entity, or that it may be used for any other purpose. In addition, the mere fact that the insurer retains a copy of the accident report which the insured prepared for the Indiana State Police does not render the document subject to discovery where it would not otherwise be discoverable.

Moreover, even if the police report that Madison prepared for the Indiana State Police was not protected from discovery by Ind.Code 9–26–3–4, the report would be protected from discovery by *Richey* because the retained report is a statement from Madison to Liberty Mutual concerning an accident which is the basis of a claim by Hawkins. The trial court abused its discretion in ordering Madison to produce the accident report which Madison prepared for the Indiana State Police.

Reversed.

STATON, J., concurs.

RILEY, J., concurs in part and dissents in part with separate opinion.

RILEY, Judge, dissenting in part and concurring in part.

I concur with the majority as to Issue I, and dissent on Issue II.

The majority correctly points out that this court may not interpret a statute that is clear

and unambiguous on its face. However, the clear and plain meaning of I.C. 9–26–3–4 indicates that the required accident report is "for the confidential use of the state police department" and not to be kept by the insurance company in its file. It is true that the statute contains no exceptions and the report may not be used by another individual or entity; however, this should include the insured who, in this case, retained a copy of the report and gave it to her insurance company. The statute provides only that the "person who has, or claims to have, made a report" be "furnish[ed] a certificate showing that a specified accident report has or has not been made to the state police department." It does not provide that the insured be provided a copy of the accident report to be shared with his or her insurer. Once Madison shared the report with her insurer the report was no longer for the "for the confidential use of the state police department" and should be discoverable from the insurer by the party seeking discovery.

The majority also holds that even if the police report was not protected by I.C. 9–26–3–4 it would be protected from discovery by *Richey* because it is a statement from Madison to Liberty Mutual concerning the accident. I disagree. The holding in *Richey* protects insured's statements given to an insurer concerning an occurrence which may be made the basis of a claim by a third party. The accident report was not made by Madison to her insurer, but to the state police for their confidential use for accident prevention purposes. Thus, the report is not an insured's statement given to his or her insurer which would be protected by *Richey*. I would affirm the trial court and compel discovery of the accident report that was kept in the files of the insurer.