Robert SCHIERENBERG, Paul Schieren-
berg, and Economy Fire & Casualty
Company, Appellants–Defendants, and
Defendants' Nonparty Insurer,

v.

Denise HOWELL–BALDWIN and An-
drea L. Howell, Appellees–Plaintiffs.

No. 73A01–9011–CV–470.

Court of Appeals of Indiana,
First District.

May 23, 1991.

Robert B. Clemens, Gregory A. Castani-
as, Ice Miller Donadio & Ryan, Indianapo-
lis, for appellants-defendants, and defen-
dants' nonparty insurer.

John S. Beeman, Patricia Polis McCrory,
Ronald W. Frazier, Harrison & Moberly,
Indianapolis, for appellees-plaintiffs.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Robert Schierenberg, Paul Schierenberg,
and Economy Fire & Casualty Company
("Economy") bring this interlocutory ap-
peal challenging the trial court's discovery
order in a liability claim action. We affirm
in part and reverse in part.

### ISSUES

1. Whether a discovery order compel-
ling the production of documents contained
in a nonparty insurer's file is appealable as
of right under Ind.Appellate Rule 4(B)(1).

2. Whether insurance documents con-
taining statements of insurance reserves,
settlement authority, and liability opinions
are within the scope of discovery of Ind.Tri-
al Rule 26(B)(1).

3. Whether certain witness statements are protected from discovery under the work product rule, Ind.Trial Rule 26(B)(3).

### FACTS

On April 6, 1988, Denise Howell–Baldwin and Robert Schierenberg were involved in an automobile collision. The Howells filed suit seeking damages. The Howells served a nonparty subpoena upon Economy, the Schierenbergs' liability insurer, requesting production of all insurance documents regarding the accident. After Economy filed a motion to quash the request for production, the court held a hearing to consider the matter on July 26, 1990. The trial court denied the motion to quash but directed Economy to submit the documents for *in camera* review. Economy presented eighteen documents to the court which Economy considered to be outside of the scope of discovery.

On October 24, 1990, the trial court ordered Economy to produce seven of the documents to the Howells. The documents the court ordered Economy to produce are the statements of witnesses John P. Gill and Christopher Allen Bullock, the statements of Paul and Robert Schierenberg, two memoranda between Economy's employees, an Economy investigation memorandum, and an Economy telephone memorandum. Through this interlocutory appeal, Economy contends these documents contain settlement authority, insurance reserves, and liability opinions which place the documents outside the scope of discovery and are work product protected from discovery.

### DISCUSSION AND DECISION

*Issue One*

■ The Howells argue this appeal should be dismissed because the appeal was not certified pursuant to Ind.Appellate Rule 4(B)(6). Economy contends the discovery order is appealable by right, pursuant to App.R. 4(B)(1), without certification. The parties are correct that our authority to consider appeals from interlocutory orders is found in App.R. 4(B):

"Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) ... to compel ... the delivery or assignment of any documents...."

We interpret App.R. 4(B)(1) as permitting an appeal by right from an order for the delivery of documents. Accordingly, certification pursuant to App.R. 4(B)(6) is unnecessary.

■ The Howells rely upon *Greyhound Lines, Inc. v. Vanover* (1974), 160 Ind.App. 289, 290–294, 311 N.E.2d 632, 633–35, to support their argument that an order requiring production of documents is not an appealable interlocutory order by right. We find *Greyhound Lines* is distinguishable from the present case. In *Greyhound Lines*, the appeal did not challenge the order directing production of documents. Rather the appeal challenged the court's order overruling the objections to the request for production of documents. *Id.* at 291, 311 N.E.2d at 633. An interlocutory appeal challenging the overruling of objections does not fall within the scope of App.R. 4(B)(1).

Additionally, the Howells cite *The Western Union Telegraph Co. v. Locke, Administrator* (1886), 107 Ind. 9, 7 N.E. 579, as authority that a discovery order directing production of documents is not an appealable interlocutory order. However, *Western Union* did not involve work product privilege, which privilege did not arise until 1947. Therefore, we find *Western Union* is no longer applicable to appeals concerning a discovery order involving asserted work product privilege.

We hold that App.R. 4(B)(1) allows an interlocutory appeal by right to challenge a discovery order directing production of documents containing alleged work product.

*Issue Two*

Economy asserts the trial court erred in ordering discovery of seven documents, which Economy claims are irrelevant and not discoverable pursuant to Ind.Trial Rule 26(B)(1). The Howells contend Economy waived the issues by failing to make these arguments to the trial court. Economy's motion to quash, objection, and response to

the nonparty request for production raised the same arguments which are raised on appeal. Therefore, we find the Howells' contention of waiver is without merit.

■ The pertinent part of T.R. 26(B) states:

> "In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action. . . ."

Initially, the trial court must determine whether the information sought is relevant to the issues being tried. If the court finds the information is relevant, then it must determine if a privilege exists protecting the information from discovery. *Frank v. Trustees of Orange County Hospital* (1988), Ind.App., 530 N.E.2d 135, 136. The trial court's order directing discovery of seven documents reflects the court found the documents were relevant and not protected from discovery. We review the court's ruling for an abuse of discretion. *DeMoss Rexall Drugs v. Dobson,* (1989), Ind.App., 540 N.E.2d 655, 656. "An abuse of discretion occurs when the trial court reaches a conclusion against the logic and natural inferences to be drawn from the facts of the case." *Id.* After review of the seven documents, we do not find the court abused its discretion in finding the information is relevant to the issues of the case.

Economy argues that the documents are undiscoverable by virtue of T.R. 26(B)(1). However, T.R. 26(B)(1) does not create a privilege for the seven documents. Generally, privileges are statutory and their creation are solely the prerogative of the legislature. *DeMoss,* 540 N.E.2d at 657. Economy does not present statutory authority protecting any of the seven documents from discovery.

Economy further argues four of the documents are not "reasonably calculated to lead to the discovery of admissible evidence." T.R. 26(B)(1). Economy contends the two employee memoranda, the investigation memorandum, and the telephone

memorandum contain information regarding insurance reserves, settlement authority, and liability opinions which are inadmissible at trial and could not lead to other admissible evidence; and therefore, they are outside the scope of discovery.

The employee memorandum dated September 19–21, 1989 recommends a specific amount of insurance reserves to be maintained. Generally, any evidence or remarks about liability insurance in a negligence case is inadmissible. *Clouse v. Fielder* (1982), Ind.App., 431 N.E.2d 148, 153. Therefore, the amount of insurance reserves available would not be admissible evidence at trial. This memorandum also makes reference to the insurance adjuster's settlement authority as of that date. Evidence of offers of compromise and settlement are excludable at trial. *Hahn v. Ford Motor Company, Inc.* (1982), Ind. App., 434 N.E.2d 943, 956, *trans. denied.* Lastly, this memorandum contains opinions as to liability of the insured, which Economy, relying upon *Henderson v. Zurn Industries, Inc.* (S.D.Ind.1990), 131 F.R.D. 560, 568, contends, are inadmissible at trial.

The other employee memorandum dated August 2 and 10, 1989 [1], the investigation memorandum, and the telephone memorandum contain discussions of the adjuster's opinions of liability. Economy again relies upon *Henderson,* 131 F.R.D. at 568, for the argument that such information is outside the scope of discovery.

Although Economy has shown the documents are inadmissible for trial, the Howells declare that "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." T.R. 26(B)(1). All of the memoranda contain information from witnesses of the accident or from Howell which information could lead to discovery of admissible evidence. Economy produced these four memoranda for discovery with redactions omitting the statements of insurance reserves, settlement authority, and liability opinions which are inadmissible at trial.

---

1. This memorandum is only one document but    two dates were on the heading.

The Howells received all the information in the four documents which could lead to discovery of admissible evidence. We find Economy is protected from discovery of the redacted information under T.R. 26(B)(1). Because the omitted information is not reasonably calculated to lead to the discovery of admissible evidence, we find the trial court abused its discretion in ordering production of these four documents in their entirety.

*Issue Three*

■ The other three documents which Economy asserts are outside the scope of discovery are the statements of two witnesses and a statement of the two defendants, Robert and Paul Schierenberg. Economy contends the insureds' and witnesses' statements are protected from discovery as work product prepared in anticipation of litigation. *See* T.R. 26(B)(3). We already have determined in *Issue Two* that the three statements are relevant and discoverable under T.R. 26(B)(1). The trial court essentially concluded the three statements were not prepared in anticipation of litigation and ordered discovery. We review the trial court's decision for an abuse of discretion. *Burr v. United Farm Bureau Mutual Insurance Co.* (1990), Ind. App., 560 N.E.2d 1250, 1253–54, *trans. denied.*

■ Initially, Economy requests us to adopt the position that all documents prepared by insurers are protected work product because they are all made in anticipation of litigation. Indiana has clearly rejected this position. *See Cigna–Ina/Aetna v. Hagerman–Shambaugh* (1985), Ind. App., 473 N.E.2d 1033, 1037–1038. Economy next argues that the statements were prepared in anticipation of litigation because the statements were taken after the accident was reported and that as the insurer, Economy had a duty to defend the Schierenbergs. Conversely, the Howells contend Economy prepared the statements in the regular course of business so no work product immunity is available. *See*

*DeMoss,* 540 N.E.2d at 658; *Aetna,* 473 N.E.2d at 1038–1039 (citations omitted).

We held in *DeMoss,* "a document generated or obtained by an insurer is entitled to the protection from discovery found in T.R. 26(B)(3) if the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation and not, even though litigation may already be a prospect, because it was generated as part of the company's regular operating procedure." *DeMoss,* 540 N.E.2d at 658 (emphasis in original). Economy bears the burden of proving the statements were prepared in anticipation of litigation. *See Burr,* 560 N.E.2d at 1254. The statements of the Schierenbergs were taken one week after the accident. Economy obtained the statement of one witness, John Gill, approximately three weeks after the accident. The statement of another witness, Christopher Bullock, was recorded two months after the accident. The record does not indicate that Economy recorded the statements based upon the premise that the claim would lead to litigation and obtained the statements in furtherance of that purpose. Because the probability of litigation was not substantial and imminent when the statements were recorded, *see Aetna,* 473 N.E.2d at 1039, we do not find the court abused its discretion in ordering production of the statements.

Economy requests that we overrule *DeMoss* because it erroneously followed *Aetna.* Economy argues that *DeMoss* involved a discovery order on a nonparty liability insurer, while in *Aetna,* the insurer resisting discovery was a party to the action as the indemnity insurer. Economy contends the distinction between a nonparty liability insurer and a party indemnity insurer is critical, arguing that discovery would create conflicts of interest between an insurer and the insured. We are not persuaded by Economy's arguments that a nonparty liability insurer should be treated differently than a party indemnity insurer; therefore, we will follow the *DeMoss* decision.

We affirm the trial court's order to produce the statements of the two witnesses and the statement of the Schierenbergs. We reverse the trial court's order to produce the four memoranda in their entirety.

Affirmed in part and reversed in part.

Costs to be assessed one-half to appellant and one-half to appellee.

BAKER and RUCKER, JJ., concur.