# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**THOMAS R. HALEY III**
Jennings Wheeler & Haley, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. CUTSHAW**
**KELLEY J. JOHNSON**
Cohen & Malad, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1209-PL-477 |
| | ) | |
| C & J REAL ESTATE, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1011-PL-51335

**August 15, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Auto-Owners Insurance Company (Auto-Owners) brings this interlocutory appeal of the order granting C & J Real Estate's (C & J) motion to compel Auto-Owners to produce certain documents regarding third party claims and reserve funds.  We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

On April 5, 2010, a hailstorm traveled through Edinburgh, Indiana, where C & J owned a commercial building from which another company sold recreational vehicles.  On April 6, C & J filed a claim with Auto-Owners alleging hail damage to the roof of that building.  Auto-Owners investigated and then denied C & J's claim, finding the roof was not damaged.

On November 29, 2010, C & J sued Auto-Owners, alleging breach of contract, bad faith, and breach of Auto-Owner's duty of good faith and fair dealing.  As part of discovery, C & J requested Auto-Owners answer a series of interrogatories and provide certain documents.  Auto-Owners objected to Interrogatory 13, which requested third party claim information, and to Request 8, which sought to obtain insurance reserve[1] information, and it refused to provide the information for a variety of reasons.

On November 7, 2011, C & J filed a motion to compel Auto-Owners to provide the information requested in Interrogatory 13 and Request 8.  The trial court held a hearing and, on July 16, 2012, ordered Auto-Owners to provide the information.  Auto-Owners asked the trial court to certify the discovery issue for interlocutory appeal, and the trial court granted

---

[1] An insurance reserve, also known as a "loss reserve" is "[t]he reserve for outstanding losses at least equal to the aggregate estimated amounts due or to become due on account of all losses or claims of which the company has received notice."  Ind. Code § 27-1-13-8(c).

the motion. We accepted jurisdiction.

## DISCUSSION AND DECISION

A trial court has broad discretion in discovery matters. Consequently, our review is limited to determining whether the trial court abused its discretion. *Nat'l Eng'g & Contracting Co. v. C & P Eng'g & Mfg. Co.*, 676 N.E.2d 372, 375 (Ind. Ct. App. 1997). An abuse of discretion occurs when the trial court reaches a conclusion that is against the logic and natural inferences to be drawn from the facts of the case. *Corll v. Edward D. Jones & Co.*, 646 N.E.2d 721, 723 (Ind. Ct. App. 1995).

Indiana Trial Rule 26(B)(1), which governs discovery, states in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

"Due to the fact-sensitive nature of discovery issues, a trial court's ruling is cloaked with a strong presumption of correctness." *Hlinko v. Marlow*, 864 N.E.2d 351, 353 (Ind. Ct. App. 2007), *trans. denied*.

### 1. Past Hail Claims

In Interrogatory 13, C & J asked Auto-Owners to:

Identify and describe in detail each and every hail damage claim that you received from an insured residing in Indiana with a commercial property insurance policy from the period of 2009 to present date, including the name of the insured, the dates of each claim, the nature of each claim, and whether the claim was settled or denied.

3

(App. at 216.)  Auto-Owners objected, arguing:

> [T]he information requested is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.  Auto-Owners further objects on the grounds that such information is confidential, and contains trade secrets or other proprietary information.  Auto-Owners objects to the extent it seeks information relating to this claim that is privileged under the work-product doctrine of the insurance company, or mental impressions of those individuals regarding this claim; to the extent the information sought is privileged and/or protected because it was developed or derived out of the anticipation of litigation, or after the filing of litigation; and to the extent the information sought contains any information regarding liability assessments among those persons, or information regarding insurance company reserve amounts.  Auto-Owners also objects to this Interrogatory as being unduly burdensome and oppressive, and designed to harass or otherwise cause undue, unnecessary, immaterial, and irrelevant expenditure of time and resources by Auto-Owners, especially when based on speculation or conjecture that any other commercial property claim is reasonably related to this matter for purposes of discovery.  Auto-Owners further objects on the grounds that this information is not readily available, and is not maintained in any manner or source from which the information could be derived by information or other documents kept by Auto-Owners in its usual or ordinary course of business.

(*Id*. at 244-45.)

C & J brought three claims against Auto-Owners – breach of contract, breach of good faith and fair dealing, and bad faith.  The essential elements of a breach of contract claim are "the existence of a contract, the defendant's breach thereof, and damages."  *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993).  The obligation of good faith and fair dealing includes the agreement to refrain from: "(1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim."  *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. Ct. App. 1993).

4

Similarly, proving bad faith amounts to showing more than bad judgment or negligence: "it implies the conscious doing of wrong because of dishonest purpose or moral obliquity. . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." *Oxendine v. Public Service Co.*, 423 N.E.2d 612, 620 (Ind. Ct. App. 1980).

We addressed discovery of third party insurance claims in a breach of contract claim in *Ramirez v. Am. Family Mut. Ins. Co.*, 652 N.E.2d 511, 516-17 (Ind. Ct. App. 1995). The Ramirezes first brought a breach of contract claim against American Family for an unpaid claim involving water damage from the malfunction of a sump pump. The claim was amended to include bad faith and breach of duty of good faith and fair dealing. After cross motions for summary judgment the trial court granted American Family summary judgment on the breach of contract issue. The Ramirezes appealed, arguing the trial court erred when it denied their motion to compel American Family to provide information regarding other claims arising out of the same ice storm. After noting the discovery decision was relevant only to the breach of contract claim, as the trial court in effect had bifurcated the issues, we affirmed: "The Ramirezes and American Family were the only parties to the insurance contract at issue here. Information regarding other claims made by other insureds under other contracts is not relevant to the coverage afforded under the Ramirezes' insurance policy." *Id*. at 517.

Counsel have not furnished us, nor has our search revealed, case law addressing the discovery of third party insurance claims in a case involving breach of duty of good faith and bad faith claims. However, in *Allstate Ins. Co. v. Scroghan*, 851 N.E.2d 317, 323 (Ind. Ct.

5

App. 2006), *reh'g denied*, we found a request for "All documents relating to bad faith claims or lawsuits filed against defendant, Allstate Insurance Company, arising out of uninsured claims initiated by Allstate's own insureds," (*id*.), was relevant to a bad faith claim and thus discoverable. *Allstate*, like the case before us, involved a breach of contract claim and a bad faith claim. The trial court bifurcated the matters, holding trial first on the breach of contract claim, and then proceeding to the bad faith claim.

Our discovery rules "are designed to allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement." *Fitzpatrick v. Kenneth J. Allen and Assoc., P.C.*, 913 N.E.2d 255, 263 (Ind. Ct. App. 2009). As stated in Rule 26, although the information sought must be reasonably calculated to lead to the discovery of admissible evidence, the information itself does not have to be admissible. In the instant case, we are faced with precedent indicating the admission of certain evidence could be prejudicial to one claim C & J asserts, that of breach of contract, but possibly relevant to C & J's breach of good faith and fair dealing and bad faith claims. The actual admissibility of the information for a specific purpose will have to be addressed at trial,[2] but at this stage of the litigation, the third party claims information sought by C & J through Interrogatory 13 is relevant to a subject matter of the litigation and is therefore discoverable. We affirm the trial court's decision compelling

---

[2] It is possible a jury could be confused that evidence of third party claims is relevant to C & J's good faith and fair dealing and bad faith claims but not to C & J's breach of contract claim, which contains issues solely between the insurance company and the single policyholder. We presume the trial court will address the issue of possible confusion and resulting prejudice by birfurcating the issues as in *Ramirez* and *Allstate*, or by giving an appropriate limiting instruction.

6

Auto Owners to produce the information requested in Interrogatory 13.

2.     Reserve Amount

Ind. Code § 27-1-13-8(c) requires an insurance company to set a reserve amount for each claim made by an insured, regardless of whether the claim is paid.  In Request 8, C & J asked Auto-Owners to produce "reserve information regarding or relating to C & J Real Estate's file and/or Insurance Policy, including but not limited to any aggregate reserve information." (App. at 226.)  Auto-Owners objected, arguing any documentation regarding that issue was prepared in anticipation of litigation and thus undiscoverable, and production of any documents regarding insurance reserve information could not be ordered.  We disagree.

Auto-Owners cites *Schierenberg v. Howell-Baldwin*, 571 N.E.2d 335 (Ind. Ct. App. 1991), *overruled on other grounds by Richey v. Chappell*, 594 N.E.2d 443 (Ind. 1992).  In *Schierenberg*, we held information regarding insurance reserves, which had been redacted from documents produced during discovery, was not discoverable because it was "not reasonably calculated to lead to the discovery of admissible evidence."  *Id*. at 338.  *Schierenberg* is distinguishable for two reasons.  First, we specifically held, "evidence or remarks about liability insurance in a *negligence* case is inadmissible."  *Id*. at 337 (citing *Clouse v. Fielder*, 431 N.E.2d 148, 153 (Ind. Ct. App. 1982), *reh'g denied*) (emphasis added).  The instant case is one involving bad faith, not negligence, and the elements of these torts are different.  *Compare Allstate Ins. Co. v. Fields*, 885 N.E.2d 728, 732 (Ind. Ct. App. 2008) (tortious breach of insurer's duty to deal in good faith is bad faith; elements of bad

7

faith include "(1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim"), *reh'g denied*, *trans. denied*, with *Williams v. Cingular Wireless*, 809 N.E.2d 873, 476 (Ind. Ct. App. 2004) (to prevail on a claim of negligence, the plaintiff must show: "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty."), *trans. denied*.

Additionally, *Schierenberg* involves a request by a third party for information regarding the insurance policy of the opposing party. In the instant case, the insured is requesting information about its own policy.

Auto-Owners also argues reserve information is not discoverable based on T.R. 26(B)(3), which states in relevant part:

> Subject to the provisions of subdivision (B)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (B)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Auto-Owners cites *Richey v. Chappell*, 594 N.E.2d 443 (Ind. 1992), which involved litigation between the insured and a third party in which the third party was requesting discovery of

8

statements by the insured to the insurer. The case before us involves a discovery request for statements by an unrelated third party to the insurer, but the litigation is between the insurer and an insured. Richey does not control. We cannot say the trial court abused its discretion when it ordered Auto-Owners to provide documentation regarding the amount put in reserve for the payment of C & J's claim as part of discovery Request 8.

## CONCLUSION

We affirm the order to compel Auto-Owners to provide the information requested in Interrogatory 13 and the order to compel Auto-Owners to provide the information in discovery Request 8. We remand for proceedings consistent with this opinion.

Affirmed and remanded.

ROBB, C.J., concurs in result.

PYLE, J., concurs.