## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 16 2018, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory Bowes
Greg Bowes Legal Services, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Cody P. Cogswell
Cogswell & Associates
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry Thomas Mele, Jr.,

*Appellant-Defendant*,

v.

Gary Joehlin,

*Appellee-Plaintiff*.

January 16, 2018

Court of Appeals Case No.
48A05-1707-PL-1560

Appeal from the Madison Circuit Court

The Honorable Thomas L. Clem, Special Judge

Trial Court Cause No.
48C05-1502-PL-34

**Brown, Judge.**

[1] Jerry Thomas Mele, Jr., appeals the trial court's awarding of attorney fees in the amount of $2,000 in favor of Gary Joehlin. Mele raises one issue which we restate as whether the court erred in awarding attorney fees to Joehlin based upon Mele litigating in bad faith. We reverse.

## *Facts and Procedural History*

[2] Mele and Joehlin were involved in a sixteen-year relationship that ended in 2014. On February 18, 2015, Joehlin filed a petition for replevin in the Madison Circuit Court to recover "financial, legal and tax documents" allegedly being held by Mele. Appellant's Corrected Appendix Volume 2 at 15. At about the same time, the parties became involved in litigation in Colorado related to property, accounts, and trusts they owned. A September 15, 2015 chronological case summary ("CCS") entry in the Indiana case dealing with discovery matters reads:

> The Court further finds and the parties agree that the remaining eighteen (18) boxes of documents in the possession of [Mele] shall be made available for inspection and copying on Saturday, September 19, 2015, at the [Fisher's public library]. . . . The Court reserves ruling on [Joehlin's] request for attorney fees at this time, pending the further exchange of documentation.

*Id.* at 4. Over the course of discovery, Mele delivered more than seven boxes of documents to Joehlin or his attorney.

[3] On May 13, 2016, Mele filed a motion for summary judgment, arguing that neither abandoned property nor joint property were properly subject to replevin

and that, to the extent he had already delivered property to Joehlin, the replevin action was moot. On the same day, Mele filed a motion for sanctions, arguing that Joehlin's failure to respond to discovery requests warranted sanctions under Ind. Trial Rule 37(A)(4). Joehlin responded to the motion for summary judgment and argued that material facts were left in dispute and that Joehlin "has incurred attorney fees that were entirely unnecessary had [Mele] only complied with Ind. Trial Rule 26(f)." *Id.* at 52. Before the court ruled on the pending motions, Mele asked the trial court to continue indefinitely the hearing scheduled for October 19, 2016, in an Agreed Motion for Continuance, which stated:

> 1. The parties are involved in related litigation in the State of Colorado.
>
> 2. On September 22, 2016, the parties participated in court-ordered mediation in Colorado, and appear to have reached an agreement that includes a resolution of this cause.
>
> 3. Under the Colorado agreement, certain actions must be performed in the future and subsequent to October 19, 2016.
>
> 4. The parties anticipate filing a Stipulation of Dismissal in this cause as soon as the obligations under the Colorado agreement are met.
>
> 5. The undersigned contacted counsel for [Joehlin] by email. In a response, [Joehlin's] counsel stated he has no objection to this continuance.

*Id.* at 77. On October 13, 2016, the trial court ordered that the scheduled hearing be continued indefinitely and that either party be "permitted to request

further proceedings if a Stipulation of Dismissal is not filed by January 20, 2017." *Id.* at 79.

[4] On January 20, 2017, Mele filed a request for a hearing, which stated that, "[u]nder the Colorado agreement, certain actions were to be completed by January 20, 2017. [Joehlin] failed to meet all of the obligations of that agreement," and the trial court ordered the parties to appear for a hearing on all pending motions on March 3, 2017. *Id.* at 80. On February 28, 2017, Joehlin filed a motion for a continuance of the scheduled hearing, which stated that "the parties came to an agreement in Colorado settling the issues in Indiana," that "since the time that agreement was reached, another issue in Colorado arose wherein [Mele] was unjustly enriched," that "prior to that, the parties signed a Stipulation of Dismissal," and that "resolution of the Colorado matters need resolved before the instant cause can proceed."[1] *Id.* at 83.

[5] At the March 3, 2017 hearing, the trial court asked where the case stood and counsel for Joehlin answered:

> Um, - Judge this uh, - this complex litigation Your Honor um, - the case at hand, and additionally there's a case pending in Colorado between the parties um, - it'd be my assertion at this point my request for attorney's fees as well that this case needs to

---

[1] We observe that the appendices before us do not appear to include a copy of the Stipulated Dismissal. We also observe that Mele's counsel sent a message on February 28, 2017, to an agent for Joehlin's counsel, which stated in relevant part, "In light of developments in the Colorado litigation, you no longer have my permission to use that stipulation to close out the Madison County case. . . . We consider Mr. Joehlin to be in breach of the Colorado settlement, and therefore bear no responsibility to cease litigation in Madison County. I hope this can be straightened out before Friday's hearing, but I am preparing for the hearing in the event it isn't." Appellant's Corrected Appendix Volume 2 at 90.

be dismissed pursuant to a prior Settlement Agreement between the parties on September 25, 2016, in Colorado, the parties stipulated to resolve any issues which are part and partial [sic] to here, that they had reached a settlement and part of that Settlement Agreement was that all cases were to be dismissed.

Transcript at 5. The trial court asked, "you're making the argument that on September 25, 2016 something occurred, some stipulation, some agreement, something happened in Colorado that essentially resolved the matter and that this is a vexatious litigation at this point here in Indiana," and Joehlin's counsel answered affirmatively. *Id.* at 6. Counsel for Mele later argued:

> The Settlement Agreement clearly said, we resolve all of our problems with regard to both the Indiana and Colorado litigation, including anything having to do with these trust[s] that manage these rental properties. In spite of having that agreement for Mr. Joehlin he asserts a claim against the property manager saying that [Mele] had not paid up enough or - or - you know not transferred enough rent uh, - at any rate they assert a seven thousand dollar claim.

*Id.* at 9-10. At the hearing's conclusion, the trial court summarized:

> You've got this situation where you've gone to Colorado the case has taken on this tone, I believe under that Doctrine that I just set forward it's my job to take the back seat and let this litigation take place in Colorado and uh, - if Colorado Court says that the stipulation uh, - among other things but if the stipulation in the Indiana case is - is binding then this case goes. . . . Now [Joehlin's counsel] as far as - as - your uh, - Motion today there's no way I could come to this conclusion without this hearing so I don't consider that necessarily to be vexatious conduct, on the other hand it might be close I - but I had to get it and I had to get

it on this forum anyway, this is something that you can't get by paperless filing.

*Id.* at 14-15.  A CCS entry, dated March 3, 2017, stated:

> Ct finds the Indiana litigation will be continued pending the outcome of the Colorado litigation.  If the Colorado Ct finds the mediation order Binding[,] the Indiana case will be dismissed.  However, if the Colorado Ct revokes the mediation order and returns the case to the status quo the Indiana case will return to the active docket -- Attys [sic] for [Joehlin and Mele] to advise Ct as to the conclusion of the Colorado case.

Appellant's Corrected Appendix Volume 2 at 121.

[6]   On March 7, 2017, Joehlin filed a motion for attorney fees and to dismiss the case, stating in relevant part:

> 1) That [Mele] made material misrepresentations to the Court in refusing to execute the Stipulated Dismissal and continuing to move to hearing on March 3, 2017.
>
> 2) This Court ruled that the jurisdiction of the case was with the State of Colorado.
>
> 3) On March 6, 2017, the Colorado Court issued its Order against [Mele], the Defendant in this cause.  *See Attached Exhibit A*.[2]

---

[2] The order of dismissal with prejudice from the Colorado Court, which was attached to Joehlin's motion for attorney fees and was dated March 6, 2017, reads:

> THIS MATTER COMES before the Court on the Motion for Final Entry of Judgment, Contempt of Court Citation, and Sanctions, the response thereto, and the Motion to Dismiss with Prejudice.  The Court finds that Respondent Joehlin was not at fault for making the $40,000.00 payment after January 20, 2017, because Petitioner Mele

4) On September 22, 2016, the parties entered into a settlement agreement which included a dismissal of all claims in both Colorado and Indiana. *See Attached Exhibit B*[.]

5) The Settlement Agreement was recorded and entered into the Colorado Case (2015CV466) on October 26, 2016.

6) [Mele] has engaged in vexatious litigation after the execution of the Settlement Agreement both here in Indiana and in Colorado.

*Id.* at 122. Three days later, on March 10, 2017, the trial court entered an order dismissing the cause and found that "[Mele] refused to dismiss the Indiana cause in spite of the terms of the settlement agreement having been satisfied," "[o]n March 6, 2017, the Colorado Court issued its Order against [Mele]," Mele "engaged in vexatious litigation after the execution of the Settlement Agreement both here in Indiana [sic]," and "[d]ue to [Mele's] bad faith action to continue to pursue litigation, [Joehlin] is entitled to attorney fees in the amount of $1,000." *Id.* at 130.

---

did not timely release the deeds of trust as required by the Settlement Agreement, which resulted in a late closing on the refinancing. Respondent Joehlin has performed in accordance with the Settlement Agreement. The Court also finds that, while it does not have personal jurisdiction over Respondent Joehlin regarding Petitioner Mele's Motions for contempt, the Settlement Agreement is not an order of the Court, but is a stipulated agreement between the parties. Therefore, no order could be violated.

The Court, [sic] therefore grants Respondent Joehlin's Motion to dismiss and orders that these proceedings are dismissed with prejudice.

Appellant's Corrected Appendix 2 at 125. The first page of the order also appears to state, "THE SETTLEMENT AGREEMENT WAS APPARENTLY NEVER ADOPTED AS AN ORDER OF THE COURT." *Id.* at 124.

Mele filed a motion to correct error, or in the alternative, a motion for relief from judgment, stating in relevant part:

> 5. On March 10, 2017, before [Mele] was able to respond to the motion, the Court entered its order.
>
> 6. [Mele] does not challenge the part of the order that dismisses the case. He does challenge that part of the order that imposes a sanction of $1,000 in attorney fees to be paid to [Joehlin].
>
> 7. The Court already decided the attorney fee request during its March 3, 2017, hearing, and stated it would not impose sanctions. It is likely the March 10 order was entered in error.
>
> 8. In the event the order was not issued in error, [Mele] asserts his right to challenge the motion for sanctions. He should be given an opportunity to make factual and legal arguments in opposition, and should be allowed to challenge the evidence presented by [Joehlin] to establish the amount of any reasonable attorney fee.

*Id.* at 132. At a May 24, 2017 hearing on the motion to correct error, the following exchange occurred between Mele's counsel and the trial court:

> [Mele's counsel]: Nothing changed after [the March 3rd] hearing accept [sic] that we learned the outcome of the Colorado decision and then [Joehlin's counsel] files his Motion to Dismiss, which we are in agreement with, but in addition he asked for uh, - the attorney fees.
>
> * * * * *
>
> [Mele's counsel]: I want to start out with, I think were [sic] not - if we're gonna go down the road for attorney fees we're not getting a full hearing on that. What [Joehlin's counsel] just reported to the Court, - .

THE COURT: STOP for a minute! You keep saying that, and maybe there's never ever a way to give you guys full satisfaction, cause maybe you'll never accept whatever happens, that's kind of what this is soundin like, and I'll tell you why. What I did was basically said look let's see what happens in Colorado that stuff was pre-existing.

[Mele's counsel]: Mm-hmm - .

THE COURT: I'm just not going to determine, okay? When in fact Colorado says yes, we did have binding uh, - uh, - mediation here and then you continue to litigate after that and then the Plaintiff says by definition that's vexatious, because they knew and then Colorado backs that up uh, - it's not just like you should be shocked, I mean you're just like, - .

\* \* \* \* \*

[Mele's counsel]: I don't know that Colorado said it was vexation they ruled, - .

THE COURT: Well - but that's - .

[Mele's counsel]: - they - they - ruled against him - .

THE COURT: - not the point. Colorado will never say Indiana litigation was vexatious, that's not their job, that's the Indiana Court[']s job .

[Mele's counsel]: I understand, - .

THE COURT: By definition that is my job! There's no court in Colorado that would say, I don't know if I'm trying to claim if that's vexatious or not, why would that ever happen? EVER!

[Mele's counsel]: The defendants [sic] did nothing after March 3rd, when you said we're gonna wait for Colorado, until we received the Court's order.

THE COURT: Yeah, but what you did had already occurred.

[Mele's counsel]: Right – but, - .

THE COURT: Whether or not it was vexatious or not depended upon what in my mind; and by the way my decision is the one that counts here.

[Mele's counsel]: Right.

THE COURT: RIGHT!

\* \* \* \* \*

[Mele's counsel]: And we have not been given an opportunity to answer that question today or on March 3rd.

THE COURT: Well, what - what could you possibly answer? If what you did was inappropriate because you had a binding order back there, which the Colorado Court says you did, how are you gonna order what you did here wasn't inappropriate?

[Mele's counsel]: There's a difference between making a challenge to something and making a challenge that's vexatious or frivolous. Okay, the challenge that was made in Colorado had to do with the seven thousand dollar issue that [Mele] reasonably believed had been resolved.

Transcript at 26-30. At the end of the hearing, the trial court ordered Mele's counsel "to get a quick brief together to say why you shouldn't have to pay attorney fees get it to him, you respond to it." *Id.* at 30.

[8]     Mele filed a brief in support of his motion to correct error consistent with the court's instructions. In the brief in objection to the motion to correct error, Joehlin stated that "due to the continued protracted litigation and the necessity to brief the Court in Response to [Mele's] brief in Support of the Motion to Correct Errors, Plaintiff would request an additional One-Thousand Dollars

($1000.00) in addition to the previous award of One-Thousand Dollars ($1,000)." Appellant's Corrected Appendix Volume 2 at 144. On June 20, 2017, the trial court found that Mele "brought his Motion to Correct Errors with unclean hands and having the matters either resolved by the Colorado Court, or having already stipulated to the dismissal of those claims," and that "[d]ue to [Mele's] bad faith action to continue to pursue litigation, [Joehlin] is entitled to attorney fees in the amount of $1,000." *Id.* at 13. Additionally, it ordered Mele to pay "an additional $1,000 for a sum total of $2,000 which is hereby reduced to judgment" due to "further litigation in [Joehlin's] need to Defend against the Motion to Correct Errors, attending a hearing, and submitting their own brief to the Court." *Id.* at 14.

### Discussion

[9] The issue is whether the trial court erred in awarding attorney fees to Joehlin based upon Mele litigating in bad faith. Ind. Code § 34-52-1-1(b), also known as the General Recovery Rule, provides:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> >
> > (3) litigated the action in bad faith.

[10] The trial court here awarded attorney fees under Ind. Code § 34-52-1-1(b)(3), finding that Mele litigated the action in bad faith. Bad faith is demonstrated where the party presenting the claim is affirmatively operating with furtive design or ill will. *GEICO General Ins. Co. v. Coyne*, 7 N.E.3d 300, 305 (Ind. Ct. App. 2014) (citing *Dunno v. Rasmussen*, 980 N.E.2d 846, 851 (Ind. Ct. App. 2012); *Auto-Owners Ins. Co. v. C & J Real Estate, Inc.*, 996 N.E.2d 803, 805-806 (Ind. Ct. App. 2013) ("[P]roving bad faith amounts to showing more than bad judgment or negligence: 'it implies the conscious doing of wrong because of dishonest purpose or moral obliquity. . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will.'" (quoting *Oxendine v. Pub. Serv. Co.*, 423 N.E.2d 612, 620 (Ind. Ct. App. 1980)))), *trans. denied*.

[11] The trial court's decision to award attorney fees under Ind. Code § 34-52-1-1 is subject to a multi-level review: the trial court's findings of fact are reviewed under the clearly erroneous standard, and legal conclusions regarding whether the litigant's claim was frivolous, unreasonable, or groundless are reviewed de novo. *Id.* at 305 (citing *Purcell v. Old Nat'l Bank*, 972 N.E.2d 835, 843 (Ind. 2012)). Finally, the trial court's decision to award attorney fees and any amount thereof is reviewed for an abuse of discretion. *Id.* A trial court abuses its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law. *Id.*

[12] Mele does not challenge the dismissal of this case, but only the trial court's award of attorney fees. Mele argues the trial court improperly considered that Mele lost on his rental income issue in the Colorado court, a party does not

present a frivolous claim merely because he is unsuccessful on that claim, and the trial court wrongly imposed sanctions on him. He contends that "Joehlin, however, also asserted a $7,016 claim in Colorado that [Mele] believed was in violation of the Colorado settlement agreement," that "[o]nce [Mele] saw that the final $40,000 had been paid, and that the Colorado court had resolved the $7,016 claim against him, he agreed the Indiana case should be dismissed," and that "[a]ny effort [Mele] made after the two Colorado issues were resolved was to challenge the attorney fee sanction against him." Appellant's Corrected Brief at 11.

[13] Joehlin argues the trial court did not abuse its discretion in imposing attorney fees and this Court should award additional attorney fees for costs of defending himself on appeal as Mele's brief was frivolous and brought in bad faith. Specifically, he maintains that "the issue solely resolves [sic] around the mediated settlement agreement entered into in Colorado which resolved all pending action in Indiana" and that "despite having sought relief in the Colorado court and executing the Stipulated Dismissal with the scrivener's error, Mele refused to execute a corrected Stipulated dismissal." Appellee's Brief at 7, 12.

[14] Our review of the record reveals that three days prior to the March 3, 2017 hearing on outstanding motions, Joehlin argued for a continuance of the Indiana case because "resolution of the Colorado matters need resolved before the instance [sic] cause can proceed." Appellant's Corrected Appendix Volume 2 at 83. Upon hearing Mele's argument that Joehlin asserted a seven thousand

dollar claim in Colorado, the trial court stated on March 3, 2017, that there was no way it could have come to the conclusion it had regarding the current status of the litigation without a hearing, that it did not "consider that necessarily to be vexatious conduct," and that it was taking "the back seat" and letting "this litigation take place in Colorado." Transcript at 15. We observe that the Colorado court issued the ruling in question on March 6, 2017. We also observe that a day later, Joehlin filed a motion for attorney fees and to dismiss the case, that the trial court ordered the cause dismissed and awarded Joehlin attorney fees before Mele was given a chance to respond, and that Mele agreed once given an opportunity to present before the trial court that the Indiana case should be dismissed in light of the Colorado court's ruling. Appellant's Corrected Appendix Volume 2 at 130.

[15] As discussed, a finding of bad faith requires not mere negligence or bad judgment, but rather the conscious doing of wrong because of dishonest purpose or moral obliquity, or affirmatively operating with furtive design or ill will. *See Auto-Owners Ins. Co.*, 996 N.E.2d at 805-806. Under these circumstances, in which a Colorado settlement agreement was still being litigated upon in Colorado, we conclude that Mele did not engage in vexatious litigation here in Indiana. *See Emergency Physicians of Indianapolis v. Pettit*, 714 N.E.2d 1111, 1116 (Ind. Ct. App. 1999) ("An award of attorney fees is not justified merely because a party loses on the merits."), *adopted in part by and incorporated by Emergency Physicians of Indianapolis v. Pettit*, 718 N.E.2d 753, 757

(Ind. 1999).  Accordingly, we reverse the trial court's attorney fee award under Ind. Code § 34-52-1-1(b)(3).[3]

## *Conclusion*

For the foregoing reasons, we reverse the trial court's award of attorney fees under Ind. Code § 34-52-1-1 and deny Joehlin's request for appellate attorney fees.

Reversed.

Baker, J., and Riley, J., concur.

.

---

[3] Joehlin requests an award of appellate attorney fees pursuant to Ind. Appellate Rule 66(E) or, alternatively, "remand the matter of additional attorney fees for appellate costs be reserved for the trial court to determine after the submission of evidence outside the record to expose [Mele's] ulterior motivations" if this court "were to return an opinion that insufficient evidence of motivation has been provided."  Appellee's Br. at 19. Ind. Appellate Rule 66(E) provides in part that this Court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith.  Damages shall be in the Court's discretion and may include attorney's fees."  Having concluded the Mele did not litigate in bad faith below, we decline Joehlin's requests.