## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Brent E. Inabnit
Nicholas J. Derda
Sopko, Nussbaum, Inabnit &
Kaczmarek
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Kendra G. Gjerdingen
Dustin L. Plummer
Erick T. Gjerdingen
Mallor Grodner LLP
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Guardianship of W.S., Protected Person,

Steven Strong and Susan Cocquyt,

*Appellants-Petitioners,*

v.

Mallor Grodner LLP,

*Appellee-Respondent.*

January 31, 2020

Court of Appeals Case No. 19A-GU-1428

Appeal from the
St. Joseph Probate Court

The Honorable
Jason A. Cichowicz, Judge
The Honorable
Barbara J. Johnston, Magistrate

Trial Court Cause No.
71J01-1709-GU-181

**Kirsch, Judge.**

[1] W.S. was the subject of guardianship proceedings and was represented during the proceedings by Mallor Grodner LLP ("Mallor Grodner"). As a part of those proceedings, Mallor Grodner filed a petition for attorney fees to be paid from Steven Strong and Susan Cocquyt ("the Guardians"), and the Guardians sought discovery regarding the fee petition by filing a subpoena duces tecum and deposition notice. The trial court denied both and, after a hearing, granted Mallor Grodner's petition for attorney fees. The Guardians appeal and raise several issues, of which we find the following dispositive: whether the trial court abused its discretion when it denied the Guardians' subpoena duces tecum and request for deposition.

[2] We vacate and remand.

## Facts and Procedural History

[3] In early 2017, the Guardians, who are two of W.S.'s children, noticed that W.S. was exhibiting concerning behaviors and spending habits. In August 2017, W.S. was seen by Dr. Katherine Hanlon ("Dr. Hanlon"), a neurologist, who determined that W.S. was totally incapacitated and in need of a guardian for both personal and financial purposes and incapable of consenting to the appointment of a guardian. *Ex.* A at 31-32. On September 5, 2017, the Guardians filed a petition for guardianship over W.S. *Appellants' App. Vol. 2* at 20. W.S. retained Mallor Grodner to represent him in defending against the guardianship petition, with Anne Curry ("Curry") being one of the attorneys working on the case. Curry sent W.S. to Dr. Martin Farlow ("Dr. Farlow"), a neurologist, for additional neurological testing. On October 31, 2017, Dr.

Farlow issued a report, in which the doctor stated his belief that W.S. could not manage his own finances and needed someone to represent him and manage his financial affairs. *Ex.* 3 at 26. On February 28, 2018, Dr. Hanlon signed an affidavit prepared by Curry, in which Dr. Hanlon stated, "[b]ased upon Dr. Farlow's report and conclusions, I agree that [W.S.] is not currently in need of the appointment of a guardian to make *all* decisions for him." *Id*. at 24 (emphasis added).

[4] On May 1, 2018, Mallor Grodner filed a motion for summary judgment requesting judgment in W.S.'s favor because there was no evidence supporting a finding of incapacity. On May 16, 2018, Dr. Farlow was deposed and testified that, as of the date of his report, it was clear that W.S. could not make his own financial decisions and that it was also Dr. Farlow's opinion that W.S. needed assistance with medical decisions. *Tr. Vol. 2* at 112. Dr. Hanlon was also deposed, and she testified that her opinions in her initial report that W.S. was totally incapacitated and in need of a guardian had not changed. *Appellants' Conf. App. Vol. 2* at 216-17. The trial court denied the motion for summary judgment and proceeded to trial on the guardianship petition. On August 24, 2018, the trial court issued an order finding W.S. to be incapacitated and appointing the Guardians to have guardianship over W.S.'s estate and person. *Appellants' App. Vol. 3* at 29-30.

[5] On September 7, 2018, Mallor Grodner filed a petition for attorney fees, requesting the trial court to order the Guardians to pay Mallor Grodner's invoice for legal fees in the amount of $64,331.10 and to pay legal fees to Jones

Oberchain, LLP, who acted as local counsel during the guardianship proceedings, in the amount of $1,737.50. *Id*. at 33-35. On November 7, 2018, an additional petition for fees was filed to pay the expenses of Dr. Farlow as the medical expert in the amount of $1,500.00. *Id*. at 95-96.

[6] On November 30, 2018, in preparation for the evidentiary hearing on the fee petition, the Guardians served Curry with a deposition notice seeking to depose her and a subpoena duces tecum ("the Subpoena"), requesting Curry to produce documents related to her representation of W.S., including, but not limited to: retainer agreements; documents reflecting W.S.'s mental capacity; documents exchanged between Curry and Pam Burnett, W.S.'s fiancée ("Burnett"); invoices sent from Mallor Grodner to W.S.; documents reflecting W.S.'s authorization to retain Dr. Farlow to testify at trial; and documents reflecting settlement communications. *Id*. at 113. On December 10, 2018, Mallor Grodner filed a motion for a protective order to deny the requested deposition and a motion to quash the Subpoena. *Id*. at 106-09. A hearing was held regarding these motions, and on March 27, 2019, the trial court granted the motions, preventing the Guardians from obtaining the requested documents or deposing Curry prior to the hearing on the fee petitions. *Appellants' App. Vol. 2* at 14.

[7] On April 11, 2019, the Guardians filed a second subpoena duces tecum on Curry commanding her to appear at the hearing on the fee petition and requesting her to produce documents related to the petition for fees. *Appellants' App. Vol. 3* at 126. In response, Mallor Grodner filed another motion to quash

the subpoena duces tecum. *Id*. at 127. On April 17, 2019, the trial court held an evidentiary hearing on the fee petition. After taking the matter under advisement, the trial court issued an order granting Mallor Grodner's fee petitions and awarding $64,331.10 to Mallor Grodner, $1,737.50 to Jones Oberchain, LLP, and $1,500.00 for the expert fees of Dr. Farlow. The Guardians now appeal.

## Discussion and Decision

[8]     A trial court has broad discretion in discovery matters, and therefore, our review is limited to determining whether the trial court abused its discretion. *Auto-Owners Ins. Co. v. C&J Real Estate, Inc.*, 996 N.E.2d 803, 804 (Ind. Ct. App. 2013). An abuse of discretion occurs when the trial court reaches a conclusion that is against the logic and natural inferences to be drawn from the facts of the case. *Id*. Indiana Trial Rule 26(B)(1), which governs discovery, states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

"Indiana's discovery rules are designed to 'allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation

of the issues, to eliminate surprise, and to promote settlement.'" *Waterfield v. Waterfield*, 61 N.E.3d 314, 333 (Ind. Ct. App. 2016) (quoting *Brown v. Katz*, 868 N.E.2d 1159, 1165 (Ind. Ct. App. 2007)), *trans. denied*.

[9]     The Guardians argue that the trial court abused its discretion when it granted Mallor Grodner's motion for protective order and motion to quash the Subpoena, precluding the Guardians from obtaining the requested documents and deposing Curry prior to the hearing on the fee petitions. By granting these motions, the Guardians contend that the trial court prevented them from adequately presenting a case in opposition to Mallor Grodner's fee petition. The Guardians maintain that they had an obligation to conduct due diligence and obtain information regarding whether the fees incurred were reasonable, and the trial court's preclusion of any discovery from Mallor Grodner regarding the fees wholly prevented the Guardians from gaining the information necessary to present their case. We agree.

[10]    Pursuant to Indiana Trial Rule 26(C), "for good cause shown" a trial court may enter an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under this rule, the burden is initially on the party seeking the protective order to show "good cause" why such an order is required to protect it from "annoyance, embarrassment, oppression, or undue burden or expense[.]" *Estate of Lee ex rel. McGarrah v. Lee & Urbahns Co.*, 876 N.E.2d 361, 367-68 (Ind. Ct. App. 2007). Once a showing of good cause has been made, the burden shifts to the party seeking discovery of

protected material to establish that the trial court's protective order constitutes an abuse of discretion. *Id*. at 368.

[11] Here, the Guardians sought to depose Curry and requested that certain documents related to her representation of W.S. be produced in order to determine whether Mallor Grodner was entitled to the fees requested in its petition and whether those fees were reasonable. *Appellants' App. Vol. 3* at 114-15. In requesting the deposition of Curry, the Guardians had offered to limit the deposition to ninety minutes, conduct it over the telephone or internet so that Curry would not have to leave her office, and schedule it at a time convenient for Curry. *Id*. at 115; *Tr. Vol. 2* at 12. In the motion for protective order, Mallor Grodner stated that the requested deposition was "designed to oppress attorney Curry with unnecessary expense" and that the document request was "unreasonable and oppressive" for the same reasons. *Appellants' App. Vol. 3* at 108. Mallor Grodner asserted that, through their discovery requests, the Guardians were seeking to relitigate the guardianship and to improperly claim that Curry had engaged in misconduct. *Id*. at 107.

[12] It was Mallor Grodner's burden to show good cause why the protective order should be granted. Mallor Grodner failed to meet that burden. The Guardians sought to depose Curry to ascertain whether the requested attorney fees were reasonable and if Mallor Grodner was actually entitled to the fees. In order to alleviate any undue burden or expense on Curry in conducting the deposition, the Guardians offered to keep it brief and conduct it over the phone or internet. In order to determine if the requested attorney fees were reasonable, the

Guardians sought to perform their due diligence by deposing Curry, and we conclude that Mallor Grodner failed to show good cause why a protective order should have been granted and the Guardians' request for a deposition should be denied. It was an abuse of discretion for the trial court to grant the protective order and deny the request to depose Curry. Further, to the extent that the documents requested by the Guardians are relevant to the ascertainment of whether the attorney fees are reasonable and are able to be produced under the rules of discovery, they should have been produced, and it was an abuse of discretion to deny the Guardians the ability to conduct discovery. We conclude that the trial court's order granting the protective order and the motion to quash should be reversed, and, therefore, the order granting the fee petition is vacated. We remand to the trial court so further discovery can be conducted.

[13] Vacated and remanded.

Bailey, J., and Mathias, J., concur.